21433

The STATE Respondent, v. Ronald John SOMERSET, Appellant.
(277 S. E. (2d) 593)

*Deputy App. Defender Vance J. Bettis, of S. C. Commission of App. Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Lindy Pike Funkhouser,* Columbia, and *Sol. William L. Ferguson,* York, *for respondent.*

April 21, 1981.

NESS, Justice.

Appellant Ronald John Somerset was convicted of murder and sentenced to life imprisonment. We affirm.

Appellant asserts the trial court erred in failing to include a verdict of not guilty in its forms of verdict. We disagree.

Although the better practice is to submit a verdict of not guilty, the law to be charged must be determined from the evidence presented. *State v. Rogers,* S. C., 272 S. E. (2d) 792 (1980).

Here, appellant relied on an insanity defense throughout his trial, he conceded he shot the deceased in the back, therefore, there was no real issue as to what occurred. The only possible verdicts the jury could return based on the evidence were "Guilty of Murder" or "Not Guilty by Reason of Insanity." Under the facts of this case the trial judge's failure to submit a general verdict of not guilty was not reversible error.

Appellant next asserts that during cross-examination the solicitor impermissibly addressed the commitment and release procedure used when someone has been found not guilty by reason of insanity. Appellant failed to make a timely objection to the solicitor's first question concerning release and he has waived his right to raise this error on appeal. *State v. Goolsby,* S. C., 268 S. E. (2d) 31 (1980). The solicitor withdrew his second question, the appellant's objection and motion to strike is therefore moot.

Appellant's remaining exceptions are without merit and are dismissed pursuant to Rule 23.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, J., concur.

GREGORY and HARWELL, JJ., dissent.

HARWELL, Justice (dissenting):

I respectfully dissent.

At trial, Somerset sought to establish the defense of not guilty by reason of insanity. When all the evidence was in, the trial judge stated that he intended to charge guilty, guilty of voluntary manslaughter and not guilty by reason of insanity. Counsel for the defense then interjected that "not guilty" should also be charged. The trial judge, however, reasoned that since the defense never denied that Somerset gunned down his victim, that "not guilty" simply was not an appropriate charge. Counsel for the defense made no further objection at trial but Somerset now contends that the trial judge erred by failing to allow the jury to find as a possible verdict that of "not guilty". I agree.

It was error to fail to submit "not guilty" as a possible verdict. See, *State v. Griggs,* 184 S. C. 304, 192 S. E. 360 (1937). Failure to so charge is an impermissible invasion of the fact-finding province of the jury. It is also inconsistent with the presumption of innocence a defendant carries until otherwise found guilty.

Raising insanity as an affirmative defense does not necessarily preclude the jury from finding a defendant not guilty. The defense simply may not be established; the prosecution might also fail to prove each element of the offense charged or to dispel all reasonable doubt. Under those circumstances a jury could return a verdict of not guilty. *Commonwealth v. Edwards,* 394 Pa. 335, 147 A. (2d) 313 (1959); *People v. Stockwell,* 52 Mich. App. 394, 217 N. W. (2d) 413 (1974).

I would reverse and remand for a new trial.

GREGORY, J., concurs.