23685

Pamela STOKES, Petitioner v. STATE of South Carolina, Respondent.

(419 S.E. (2d) 778)

Supreme Court

*Asst. Appellate Defense Robert M. Dudek, South Carolina Office of Appellate Defense, Columbia, for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Atty. Gen. Delbert H. Singleton, Jr., Columbia, for respondent.*

Submitted May 19, 1992.

Decided July 13, 1992.

Reh. Den. Aug. 31, 1992.

HARWELL, Justice:

We granted certiorari to review Petitioner Pamela Stokes' application for postconviction relief (PCR). Petitioner claims the PCR judge erred in finding that she received effective assistance of counsel. We disagree and affirm.

## I. FACTS

Shortly after 4:00 a.m. on July 17, 1987, petitioner ran to her neighbors' trailer and knocked on the door, shouting that her husband had shot himself. Neighbors returned with petitioner and found the husband lying on the floor in front of the couch with blood on his forehead. After a police investigation, petitioner was charged with murder and possession of a firearm during the commission of a crime of violence.

Petitioner defended the charges by claiming that her husband committed suicide. A jury found her guilty of murder and we affirmed the conviction on direct appeal. *State v. Stokes,* Memo. Op. No. 90-MO-1071 (S.C. Sup. Ct. filed January 8, 1990).

Petitioner applied for postconviction relief claiming, on several grounds, that trial counsel was ineffective. The PCR judge found that trial counsel performed competently. Petitioner appealed.

## II. DISCUSSION

On appeal, petitioner presents the narrow issue of whether trial counsel's failure to call witnesses whose testimony could have supported her defense consti-

tutes ineffective assistance of counsel. In this case, we hold that it does not.

To prove ineffective assistance of counsel, petitioner must establish that counsel's performance was unreasonable under prevailing professional norms, and that counsel's deficient performance prejudiced her defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. (2d) 674 (1984); *Cherry v. State,* 300 S.C. 115, 386 S.E. (2d) 624 (1989).

At the PCR hearing, trial counsel testified that he was aware of witnesses who were available to testify that petitioner's husband had engaged in two prior acts of suicidal gunplay. Counsel had also interviewed a third witness who was told by the husband during a discussion of marital problems a few hours before his death that "it would all be in the past as of tonight." Trial counsel testified that he chose not to use these witnesses because, in his judgment at the time, their testimony would not have been of value to petitioner's case. He stated that the witnesses vacillated when offering their recollections to him and presented no evidence that the husband actually committed suicide. Counsel further testified that petitioner instructed him not to use one of the witnesses, her mother, in the trial.

The PCR judge held that trial counsel adequately put forth petitioner's defense by calling the only witness whom he believed to be credible and supportive of the defense strategy. The PCR judge also found that the witnesses offered by petitioner to support her claim of ineffective counsel were incredible and provided no information likely to have changed the trial's outcome.

If there is any probative evidence in the record to support the PCR judge's decision, his ruling must be affirmed. *Id.* Where, as here, counsel articulates a valid reason for employing certain strategy, such conduct will not be deemed ineffective assistance of counsel. *See Whitehead v. State,* — S.C. —, 417 S.E. (2d) 529 (1992). Accordingly, the order denying petitioner's postconviction relief is

Affirmed.

CHANDLER, FINNEY, TOAL, and MOORE, JJ., concur.