24200

Danny McCRAY, Petitioner v. STATE of South Carolina, Respondent.

(455 S.E. (2d) 686)

Supreme Court

*Chief Atty. Daniel T. Stacey* and *Asst. Appellate Defender Tara Dawn Shurling,* both of *S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. J. Emory Smith, Jr.,* and *Asst. Attys. Gen. Teresa Nesbitt Cosby* and *Ruby B. McClain,* Columbia, *for respondent.*

Submitted Jan. 18, 1995.

Decided Feb. 27, 1995.

MOORE, Justice:

This case is before us on a writ of certiorari to review the denial of petitioner's application for postconviction relief (PCR). We affirm.

## FACTS

In 1990, petitioner was tried *in absentia* and convicted of distributing crack cocaine to an undercover police officer. Petitioner was later sentenced to eighteen years' imprisonment and fined $25,000. In 1991, petitioner filed a PCR application alleging ineffective assistance of trial counsel. After an evidentiary hearing, petitioner's application was denied.

## *ISSUE*

Was trial counsel ineffective for failing to prepare and present an entrapment defense.[1]

## *DISCUSSION*

At the PCR hearing, petitioner maintained his trial counsel was ineffective for failing to prepare and present an entrapment defense. Specifically, petitioner argued counsel was ineffective for failing to question potential witnesses, for failing to present their testimony at trial, and for failing to request a jury charge on entrapment. In support of this argument, petitioner presented three witnesses whose testimony, petitioner contends, would have supported an entrapment defense.

After hearing the testimony presented by petitioner and the State, the PCR judge concluded trial counsel was not ineffective. Petitioner argues this was error. We disagree.

To establish a claim of ineffective assistance of counsel, a PCR applicant has the burden of proving that counsel's performance was deficient and that this deficient performance prejudiced the applicant's case. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. (2d) 674 (1984); *Martinez v. State*, 304 S.C. 39, 403 S.E. (2d) 113 (1991). When there is evidence to support the findings and conclusions of the PCR judge, this Court will affirm those findings and conclusions. *Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624 (1989).

In this case, trial counsel testified he met with petitioner prior to the day of trial to discuss the facts of the case. During this discussion, petitioner denied any involvement and claimed he did not distribute any drugs. Consequently, counsel attempted to develop and present a defense based on misidentification and alibi. When asked why he did not pursue an entrapment defense, counsel stated: "I did not consider the entrapment aspect because initially [petitioner] was telling me that he did not do it." Counsel testified petitioner finally admitted involvement in the incident about fifteen minutes prior to trial, but thereafter "panicked" and fled. Counsel also testified he interviewed one of petitioner's witnesses prior to

---

[1] The other issue presented by petitioner in his brief is not preserved for review because it was not raised in his petition for a writ of certiorari.

trial and, as far as counsel understood, the witness did not know anything about what had happened between petitioner and the undercover police officer. In addition, counsel testified no one, including petitioner, mentioned anything about any other witnesses to the incident.

We find counsel's testimony supports the PCR judge's ■ conclusion that counsel was not ineffective.[2] According to this testimony, counsel had no reason to pursue an entrapment defense because petitioner denied any involvement in the drug incident until shortly before trial. We therefore affirm the denial of postconviction relief.

Affirmed.

FINNEY, C.J., TOAL and WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.

---

[2] Although petitioner presented testimony that contradicted trial counsel's testimony, we have consistently given great deference to PCR judges' findings and conclusions when matters of credibility are involved. *Drayton v. Evatt,* — S.C. —, 430 S.E. (2d) 517, *cert. denied,* — U.S. —, 114 S.Ct. 607, 126 L.Ed. (2d) 572 (1993).