557 S.E.2d 666

**Richard SOLOMON, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 25393.**

Supreme Court of South Carolina.

Submitted March 22, 2001.

Decided Dec. 17, 2001.

---

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General G. Robert Deloach, III, and Assistant Attorney General David A. Spencer, all of Columbia, for petitioner.

Assistant Appellate Defender Robert M. Pachak, of S.C. Office of Appellate Defense, of Columbia, for respondent.

MOORE, Justice:

Respondent was convicted of armed robbery for attacking sixty-nine-year-old Clyde Waymer with a hammer and stealing his wallet. After his direct appeal was dismissed, respondent filed this application for post-conviction relief (PCR) which was granted. The PCR judge found counsel was ineffective for failing to object to the trial judge's omission of a not guilty verdict in submitting the case to the jury.[1] We find counsel was not ineffective and reverse.

## DISCUSSION

The trial judge submitted to the jury armed robbery and, as a lesser included offense, strong arm robbery. "Not guilty" was not submitted as an option. The PCR judge found counsel was ineffective for failing to call this omission to the trial judge's attention. Although he made no express finding of prejudice, the PCR judge granted relief.

In a PCR proceeding, the petitioner must meet the standard established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires he show (1) counsel's representation fell below an objective standard of reasonableness and (2) but for counsel's errors, there is a reasonable probability the result at trial would have been different. *Edmond v. State*, 341 S.C. 340, 534 S.E.2d 682 (2000); *Johnson v. State*, 325 S.C. 182, 480 S.E.2d 733 (1997).

Under the particular circumstances of this case, we find counsel's performance was not deficient. Where counsel articulates a valid reason for employing a certain strategy, such conduct will not be deemed ineffective assistance of counsel. *Caprood v. State*, 338 S.C. 103, 525 S.E.2d 514 (2000); *Stokes v. State*, 308 S.C. 546, 419 S.E.2d 778 (1992).

Here, the record indicates that, with respondent's consent, counsel intentionally waived the option to have the jury consider a "not guilty" verdict on the robbery charges.[2] In opening, counsel argued:

---

1. Respondent was also convicted of assault and battery of a high and aggravated nature. Relief was not granted on this charge.

2. The record does not support the PCR judge's finding that trial counsel "admitted he made a mistake" in failing to object.

This is a little bit of an unusual case. It is unusual in that what I am about to tell you, you will probably never hear from a defense attorney, and that is that [respondent] is guilty. He committed a crime on March 6, 1996. He hit Mr. Waymer with the hammer and took his billfold.

Now, I could get up here and argue that it wasn't him, it was somebody else, or something else happened, but I am [respondent's] attorney, and he doesn't contest that that happened. He doesn't want me to argue that it wasn't him that day.

Just about everything you hear from the witness stand will be the truth. We don't contest—[respondent] does not want me to contest it. [Respondent], after this happened, turned himself in. He went down to the police station and said, "I committed a crime. I want to confess. And I want to be punished."

. . . .

So, ladies and gentlemen, as we go through the testimony, all we ask is that you listen to the facts. At the end the judge will tell you what the law is. And you will have to decide what crime [respondent] is guilty of. It is not "if" he is guilty of a crime, because he is guilty. The question is: What crime or crimes?

In closing, counsel stated:

And the facts are that [respondent] robbed Mr. Waymer. He hit Mr. Waymer with a hammer and he took his wallet. Those are all the elements of robbery, common law robbery.... [Respondent] committed a crime. He committed a felony-common law robbery. He is going to be convicted of that and he is going to be punished.

At the PCR hearing, counsel testified he was unsuccessful in his pre-trial attempts to negotiate a plea to the lesser offense of strong arm robbery. He concluded the only chance of having the charge reduced was to argue the lesser offense to a jury. Because of respondent's prior record and the fact that armed robbery was a no-parole offense, counsel believed respondent had nothing to lose by going to trial despite the strength of the State's case. Counsel made every effort to impress the jury with respondent's willingness to take respon-

sibility for what he had done. The submission of a "not guilty" verdict would have been inconsistent with this trial tactic.

We find, under these circumstances, counsel's strategy was a reasonable one. Because we find counsel was not ineffective, we need not address the prejudice prong under *Strickland*.[3] The grant of relief is

**REVERSED.**

WALLER and BURNETT, JJ., concur.

PLEICONES, J., concurring in a separate opinion.

TOAL, C.J., dissenting in a separate opinion.

PLEICONES, Justice, Concurring:

I agree with the majority that under the facts of this case, trial counsel's performance was not deficient when he chose, as a matter of strategy, not to request a "not guilty" verdict option. I join the dissent, however, to the extent it would overrule *State v. Somerset*, 276 S.C. 220, 277 S.E.2d 593 (1981). In my opinion, it is reversible error to deny the jury this verdict form when it has been requested by counsel.

TOAL, Chief Justice, Dissenting:

I respectfully dissent. The majority finds counsel articulated a valid and reasonable trial strategy for failing to object to the trial judge's omission of a not guilty verdict in submitting the case to the jury. In my opinion, counsel can never have a strategic justification for failing to ensure a not guilty verdict is submitted to the jury. Furthermore, I would hold failure to submit a not guilty verdict form to the jury is a fundamental error which violates a defendant's sixth and fourteenth amendment rights to have a jury determine guilt beyond a reason-

---

**3.** The dissent's analysis on the ineffectiveness prong is simply that "counsel can never have a strategic justification for failing to ensure a not guilty verdict is submitted to the jury." *See Roscoe v. State*, 345 S.C. 16, 546 S.E.2d 417 (2001) (issues on PCR must be framed as one of ineffective assistance of counsel). We think a case-by-case analysis is the better approach in determining the reasonableness of counsel's strategy since trial strategy is, by necessity, formulated in response to the particular circumstances of each case.

able doubt. Such a fundamental error requires reversal, even absent an express showing of prejudice by the defendant.

The right to have a jury determine whether a defendant is guilty beyond a reasonable doubt is one of the most basic tenants of our system of justice. *Sandstrom v. Montana,* 442 U.S. 510, 520, 99 S.Ct. 2450, 2457–2458, 61 L.E.2d 39 (1979). As the Seventh Circuit has stated, "This right, emanating from the criminal defendant's constitutional right to trial by jury, is neither depleted nor diminished by what otherwise might be considered the conclusive or compelling nature of the evidence against him." *United States v. England,* 347 F.2d 425, 430 (7th Cir.1965) (footnotes omitted). A jury is required to presume that an accused is innocent until he is proven guilty. A defendant's admission of the underlying facts of the crime does not necessarily represent an admission by the defendant that he acted criminally or culpably. In fact, the defendant in this case plead not guilty, thereby placing the burden on the state to prove each and every element of the crime beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 361–364, 90 S.Ct. 1068, 1071–1072, 25 L.Ed.2d 368 (1970).

The state carries this burden regardless of which particular elements are expressly controverted by a defendant. "[U]nder our system of jurisprudence, it is technically possible for a criminal defendant to enter a plea of not guilty, introduce little or no evidence in his own defense, and rely exclusively on his presumption of innocence and the possible inability of the prosecution to prove his guilt beyond a reasonable doubt. Thereupon, guilt is determined by the jury, not the Court." *United States v. Franzen,* 688 F.2d 1181, 1188 (7th Cir.1982) (Cudahy, Circuit Judge dissenting) (citing *United Brotherhood of Carpenters and Joiners of America v. United States,* 330 U.S. 395, 410, 67 S.Ct. 775, 783, 91 L.Ed. 973 (1946)). Under our system of justice, it is possible for the state to fail to prove beyond a reasonable doubt every fact necessary to constitute the elements of the crime charged even though a defendant has admitted the underlying facts of the crime. Therefore, in order for a trial to fulfill the requirements of fundamental fairness and of the Constitution, a jury must always have the option of finding a criminal defendant not guilty. In the instant case, the jury was actually *prevented* from finding the defendant not guilty, since the verdict form only gave the jury

a choice between finding the defendant guilty of armed robbery or guilty of common law robbery.

In *Commonwealth v. Edwards*, 394 Pa. 335, 147 A.2d 313 (1959), Pennsylvania Supreme Court addressed the same issue this Court faces today. In *Edwards*, the defendant admitted a slaying, yet the Pennsylvania Court held that the trial court's failure to include a not guilty verdict with the other five verdict forms given to the jury deprived the accused of a fair trial. The court reasoned:

> To say that a judge need not charge on an indispensable requirement in the law because the defendant is assuredly guilty is to hang that accused first and indict him afterwards. It is the trial and the trial alone which decides whether a defendant is assuredly guilty. The presumption of innocence is not merely a papier-mache figure for dramatic display in the courtroom; it is a reality without which trials become mere playacting with the verdict residing in the judge's pocket before the jury is sworn. Even if, in a hypothetical case, the evidence of guilty piles as high as Mt. Everest on Matterhorn, even if the District Attorney conscientiously believes the defendant to be as guilty as Cain, and no matter with what certainty the Judge view the culpability of the accused at the bar, the defendant is still entitled to all the safeguards of a fair trial as announced in the Constitution and the law of the land.

*Id.* at 313–314. *See also Braley v. Gladden*, 403 F.2d 858 (9th Cir.1968)[4]; *State v. Knorr*, 186 Ariz. 300, 921 P.2d 703 (Ct. App.1996) (finding failure to submit a not guilty verdict deprived defendant of a fair trial even though, based on the evidence, it was extremely unlikely that the jury would have acquitted the defendant on the charge); *People v. Stockwell*, 52 Mich.App. 394, 217 N.W.2d 413 (1974) (a jury instruction which authorized verdicts of guilty of first or second-degree murder or verdict of not guilty by reason of insanity, but which omitted authorization of general verdict of not guilty,

---

4. The defendant in *Bradley* did not denying murdering the victim, but instead argued he was highly intoxicated and, alternatively, he was legally insane at the time. The Bradley Court held that oversight in not furnishing jury a not guilty form along with opposite form constituted severely adverse comment by trial judge and even though unintended was so significantly irregular as to require a new trial.

was reversibly erroneous, though it may have been occasioned by defense counsel's choice not to have the trial court instruct on possibility of general verdict of not guilty and though there was no specific objection to the erroneous instruction).

Therefore, I would hold the trial court's failure to submit a not guilty verdict to the jury denied Solomon a fair trial by infringing on his constitutional right to a have a jury determine his guilt beyond a reasonable doubt. As this error goes to the fundamental fairness of a criminal trial, guaranteed by the Constitution, counsel can never have a valid trial strategy for failing to object to such an error and prejudice should be presumed.[5]

For the foregoing reasons, I would **AFFIRM** as modified the PCR court's ruling.

---

5. I would overrule *State v. Somerset,* 276 S.C. 220, 277 S.E.2d 593 (1981) to the extent it is inconsistent.