560 S.E.2d 401

**Lee Roy INGLE, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 25416.

Supreme Court of South Carolina.

Submitted Sept. 27, 2001.

Decided Feb. 19, 2002.

Rehearing Denied March 21, 2002.

Kenneth R. Young, Jr., of Sumter, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General B. Allen Bullard, Jr., and Assistant Attorney General Doug Leadbitter, of Columbia, for respondent.

### Justice WALLER:

Petitioner was convicted of first degree criminal sexual conduct with a minor and lewd act upon a child and was sentenced to consecutive prison terms of thirty and five years, respectively. We granted his petition for a writ of certiorari to review the denial of his application for post-conviction relief (PCR). We reverse.

## ISSUE

Did the PCR court err in concluding that trial counsel was not ineffective?

## DISCUSSION

Petitioner argues trial counsel undermined his defense in several respects and the PCR court erred in finding that counsel was not ineffective. We agree.

To establish a claim of ineffective assistance of trial counsel, a PCR applicant must show that: (1) counsel's representation fell below an objective standard of reasonableness and, (2) but for counsel's errors, there is a reasonable probability the result at trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Johnson v. State*, 325 S.C. 182, 480 S.E.2d 733 (1997). A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial. *Id.*

Counsel must articulate a **valid** reason for employing a certain strategy to avoid a finding of ineffectiveness. *Roseboro v. State*, 317 S.C. 292, 294, 454 S.E.2d 312, 313 (1995); *Stokes v. State*, 308 S.C. 546, 419 S.E.2d 778 (1992). Where counsel articulates a strategy, it is measured under an objective standard of reasonableness. *Roseboro, supra.*

This Court must affirm the PCR court's decision when its findings are supported by any evidence of probative value. *E.g., Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989). However, the Court will not uphold the findings of a PCR court if no **probative** evidence supports those findings. *Holland v. State*, 322 S.C. 111, 470 S.E.2d 378 (1996).

The first degree criminal sexual conduct and lewd act charges against petitioner stemmed from the alleged sexual assault of the nine-year-old daughter (the victim) of petitioner's live-in girlfriend, Jean Afify (Afify). In his defense at trial, petitioner denied molesting the victim. Instead, he testified that the victim entered his bedroom shortly after he and Afify had sexual intercourse and that his semen was transferred to the victim's shorts when she sat on his bed.[1]

---

1. The State's DNA expert testified the semen on the victim's shorts genetically matched petitioner's blood.

As his first defense witness, petitioner called Afify. Counsel inquired whether she and petitioner had sex the morning her daughter was allegedly molested. Afify responded: "No, sir, that's wrong."

At the PCR hearing, trial counsel admitted he did not interview Afify before calling her as a defense witness. Counsel explained that he relied solely on petitioner who had "convinced" him Afify was honest and would admit to having intercourse with petitioner on the morning of the alleged assault. Counsel also testified that when Afify was not called as a witness by the State, he presumed her testimony would be favorable to petitioner.

The PCR judge determined trial counsel made a sound strategic decision to question Afify about whether she and petitioner had engaged in sexual intercourse on the morning of the alleged assault. The PCR court further found that, even if counsel's strategy was unreasonable, petitioner failed to establish any prejudice because the State would have called Afify in reply after petitioner testified he and Afify had intercourse that morning.

Petitioner argues counsel was ineffective because he called Afify as a defense witness without interviewing her first. We agree.

Trial counsel clearly was deficient in presenting Afify as a defense witness without first interviewing Afify to ascertain whether she would support petitioner's theory of the defense. Counsel's reliance on petitioner's assertions that Afify would be honest and his assumption that her testimony would be favorable since she was not called by the State do not amount to reasonable strategy for calling Afify. We find it was objectively unreasonable for counsel to ask such a crucial question of the sexual assault victim's mother without first ascertaining her response. In this instance, trial counsel provided deficient representation. *Roseboro v. State, supra* (counsel must articulate an objectively reasonable strategy to avoid a finding of ineffectiveness).

For several reasons, we conclude petitioner was prejudiced by trial counsel's deficient performance. Afify was **the first witness** called in petitioner's defense. Her testimony,

however, was quite damaging to his defense. Moreover, the State was able to capitalize on trial counsel's error, and elicit additional damaging testimony on cross-examination. The effect of Afify's testimony, which totally contradicted petitioner's defense, was heightened by the fact that Afify was called as petitioner's first witness. Therefore, the fact that the State **may** have called Afify in reply does not diminish the prejudicial impact of trial counsel's error. It simply cannot be overstated how damaging Afify's testimony was since it came in as part of what was supposed to be petitioner's defense.

In addition, petitioner's theory that his semen was transferred to the victim's shorts via the bedsheets was not implausible. Without Afify's denial that they had sexual intercourse on the morning in question, reasonable doubt could have been established. Even if the State presented Afify's denial in reply, the impact of the testimony would have been different since it would have been part of the State's case, rather than part of petitioner's defense.

Finally, other evidence called into question the credibility of the victim's allegations. Petitioner testified that the victim was upset with him on the day of the alleged assault because he refused to buy her certain items while they were out shopping. Moreover, Afify testified that although her daughter told her about the assault on the day it happened, Afify did not contact authorities until ten days later, when a neighbor reported the incident to DSS. During this time, Afify vacationed for a few days with her children at Myrtle Beach.

In sum, there is no **probative** evidence in the record to support the PCR court's finding that petitioner failed to establish prejudice from counsel's unreasonable strategy. We therefore reverse the denial of PCR on this issue.

█ Petitioner also asserts counsel was ineffective because he permitted two instances of hearsay testimony. In particular, he contends trial counsel should not have elicited testimony from Dr. Elizabeth Baker that the victim identified petitioner as her assailant and should have objected to testimony given by Detective Valerie Williams.

Regarding Dr. Baker, an expert in child sexual assault examinations, trial counsel conducted the following cross-examination:

Q. What type of information did you receive from whomever before you began to interview [the victim]?

A. I talked to her mother and her mother then told me that on April the 5th that the [victim] was allegedly molested and I don't believe I can say the rest of it.

Q. Why not?

A. I would assume that would be hearsay.

(Solicitor): I have no objection if he's opening the door.

(Witness) Okay. On April 5th, 1993, [the victim] was allegedly molested by her mother's boyfriend.

Detective Williams testified for the State as follows:

Q. Now, you're limited in your testimony only to the time and place and type of assault. Could you relate what you were told by the victim concerning this assault?

A. To the best of my recollection, I remember [the victim] telling me that she had been at [petitioner's] house and that he had sexually assaulted her. Her words were my privates, his privates and my privates. That's how she put it.

Trial counsel did not object to Detective Williams' testimony.

At the PCR hearing, counsel stated he elicited Dr. Baker's testimony concerning the victim's identification of her assailant because the victim only offered an allegation. He testified he did not recall Williams' testimony.

The PCR court found trial counsel was deficient for eliciting Dr. Baker's testimony and for failing to object to Williams' testimony. The PCR court concluded, however, that petitioner did not establish prejudice because the witnesses' testimony was cumulative to the victim's testimony.

 The rule against hearsay prohibits the admission of an out-of-court statement to prove the truth of the matter asserted unless an exception to the rule applies. *Dawkins v. State,* 346 S.C. 151, 551 S.E.2d 260 (2001); *Jolly v. State,* 314 S.C. 17, 443 S.E.2d 566 (1994). A well-settled exception in criminal sexual conduct cases allows **limited** corroborative testimony. *Id.* When the victim testifies:

evidence that she complained of an assault may be introduced to corroborate her testimony.... This right is limited in nature, however. "The particulars and details are not

admissible but so much of the complaint as identifies 'the time and place with that of the one charged' may be shown." *State v. Munn,* 292 S.C. 497, 500, 357 S.E.2d 461, 463 (1987) (citations omitted).

Recently, this Court held that witnesses' repeated references regarding the victim's identification of the defendant as the perpetrator of multiple alleged acts of criminal sexual conduct was improper hearsay testimony which should have been objected to by trial counsel. *Dawkins v. State, supra.* In *Dawkins,* the Court stated that the failure to object was not valid strategy since the witnesses' testimony "served only to bolster [the victim's] credibility." *Id.* at 157, 551 S.E.2d at 263. Moreover, the Court found counsel's error prejudicial because "improper corroboration testimony that is merely cumulative to the victim's testimony cannot be harmless.... '[I]t is precisely this cumulative effect which enhances the devastating impact of improper corroboration.' " *Id.* at 156–57, 551 S.E.2d at 263 (quoting *Jolly v. State,* 314 S.C. at 21, 443 S.E.2d at 569).

Trial counsel in the instant case was deficient for eliciting Dr. Baker's testimony and for not objecting to Detective Williams' testimony. *See, e.g., Munn, supra* (testimony concerning the victim's identification of the perpetrator goes beyond the time and place of the assault and therefore is inadmissible hearsay). While counsel asserted at the PCR hearing that he wanted Dr. Baker's testimony in because it was merely an allegation, it is our opinion that hearsay regarding a victim's identification of the defendant as the perpetrator of a sexual assault could always be characterized as an "allegation." Therefore, we find counsel's articulated strategy for eliciting this testimony was objectively unreasonable. *See Roseboro v. State,* 317 S.C. at 294, 454 S.E.2d at 313 (counsel must articulate an objectively reasonable strategy to avoid a finding of ineffectiveness).

▇ As to the prejudice prong of the *Strickland* test, we reiterate that improper corroboration testimony that is cumulative to the victim's testimony is harmful since "it is precisely this cumulative effect which enhances the devastating impact of improper corroboration." *Dawkins, supra; Jolly, supra.* We hold trial counsel's deficient performance in allowing the

hearsay testimony of both Dr. Baker and Detective Williams clearly prejudiced petitioner. *Id.*

Accordingly, the PCR court erred in denying relief to petitioner on this issue as well.

## CONCLUSION

For the reasons outlined above, the PCR court's decision denying relief is hereby **REVERSED.**

MOORE and PLEICONES, JJ., concur. BURNETT, J., dissenting in a separate opinion in which TOAL, C.J., concurs.

Justice BURNETT: (Dissenting).

I respectfully dissent. The issue before the Court is whether there is any probative evidence which supports the PCR judge's finding counsel was effective. In my opinion, there is evidence which supports the PCR judge's finding and, therefore, we must affirm. *Anderson v. State*, 342 S.C. 54, 535 S.E.2d 649 (2000) (if there is any probative evidence to support the findings of the PCR judge, those findings must be upheld).

First, I disagree with the majority's conclusion trial counsel was deficient for eliciting Dr. Baker's hearsay testimony. On occasion we have deemed counsel deficient for failing to object to hearsay testimony. We have not, however, held counsel is always ineffective for failing to object to hearsay testimony. *See Caprood v. State*, 338 S.C. 103, 525 S.E.2d 514 (2000). Instead, as with other assertions of trial strategy, we consider the particular circumstances of the case. *See Solomon v. State*, 347 S.C. 635, 557 S.E.2d 666 (2001) (court considers reasonableness of trial strategy on case-by-case basis). Where trial counsel articulates a valid reason for employing certain trial strategy, he will not be deemed ineffective. *Roseboro v. State*, 317 S.C. 292, 454 S.E.2d 312 (1995).

Here, trial counsel explained he intentionally elicited the hearsay testimony from Dr. Baker because he wanted the jury to hear from the expert that the victim only *alleged* petitioner had assaulted her. Trial counsel suggested the testimony implied there was no proof the victim had been assaulted. Under the circumstances of this case where it was questiona-

ble whether the victim had been assaulted, this was reasonable trial strategy.[2] Accordingly, counsel was not ineffective. *Id.* I would affirm.

Furthermore, while I agree with the majority that counsel was deficient in failing to object to Detective Williams' hearsay testimony, I nonetheless conclude petitioner failed to establish prejudice. Hearsay testimony which corroborates the victim's testimony as to the details of the sexual assault or identification of the perpetrator is prohibited. *Dawkins v. State,* 346 S.C. 151, 551 S.E.2d 260 (2001); *Jolly v. State,* 314 S.C. 17, 443 S.E.2d 566 (1994). Detective Williams' testimony was cumulative to that of Dr. Baker's; it did not simply corroborate the victim's testimony. Accordingly, petitioner failed to establish prejudice. Because the PCR judge's findings are supported by the evidence of record, I would affirm. *Anderson v. State, supra.*

Second, I agree with the majority's conclusion trial counsel's strategy in asking Afify whether she and petitioner had engaged in sexual intercourse without first interviewing her was unreasonable. I conclude, however, that petitioner was not prejudiced by counsel's deficient performance. Had trial counsel *not* asked Afify on direct examination whether she and petitioner had sex the morning of the alleged assault, there is not a reasonable probability the outcome of trial would have been different. At petitioner's trial, the State called Afify in reply and questioned her about having sex with petitioner the morning of the alleged assault. The State would have called Afify in reply even if she had not testified as a defense witness.[3] Contrary to the majority's conclusion, there is probative evidence in the record which supports the PCR judge's

---

2. The defense suggested the victim had not been molested. Petitioner articulated a plausible theory concerning the presence of the semen on the victim's shorts. Further, he suggested the victim had a motive to accuse him of misconduct. Two witnesses testified the victim was in their company after the alleged assault, did not mention the incident, and acted "normally." Moreover, even though the victim told Afify about the alleged assault on the same day as the incident, Afify did not report the crime until ten days later, after a neighbor reported the incident to DSS. For a portion of this ten day period, Afify took her family to the beach for a vacation.

3. At the PCR hearing, trial counsel stated petitioner desired to testify.

conclusion petitioner was not prejudiced. Based on this Court's limited scope of review, I would affirm. *Id.*[4]

TOAL, C.J., concurs.

---

**4.** In addition, petitioner claims counsel "absolutely destroyed" his theory of defense by eliciting testimony from the forensic serologist that semen could not have been transferred from the bed sheets to the victim's shorts. The Court granted petitioner review of four questions raised in the petition for a writ of certiorari. None of the questions raised in the petition address trial counsel's examination of the forensic serologist. Accordingly, this issue is not preserved for appeal. *McCray v. State,* 317 S.C. 557, 455 S.E.2d 686 (1995) (issue not raised in petition for a writ of certiorari but presented in brief is not preserved for appeal).