THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Michael Minor,       
Respondent,
 
 
 

v.

 
 
 
State of South Carolina,       
Petitioner.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Horry County
David H. Maring, Trial Judge
J. Michael Baxley, Post-Conviction Judge

Memorandum Opinion No. 2004-MO-019
Submitted March 17, 2004 - Filed April 
 15, 2004

REVERSED

 
 
 
Daniel T. Stacey, of Columbia, for respondent.
Attorney General Henry D. McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Chief, Capital and Collateral Litigation Donald J. 
 Zelenka, Assistant Deputy Attorney General B. Allen Bullard, all of Columbia, 
 for petitioner.
 
 
 

 JUSTICE BURNETT:  Respondent Michael Minor (Minor) 
 pled guilty to possession of cocaine.  The trial judge sentenced him to imprisonment 
 for two years and a $2,000 fine, suspended to one-year probation and a $500 
 fine.  Concluding trial counsel was ineffective in failing to advise Minor his 
 South Carolina guilty plea would effect a revocation of his Florida parole, 
 the post-conviction relief (PCR) judge granted Minors PCR application.  We 
 granted the States petition for a writ of certiorari.  We reverse.
FACTS
 Minor is currently detained in the Madison Correctional 
 Institution in Madison, Florida.  On April 16, 1992, he was sentenced to a twenty-two 
 year prison term in Florida for trafficking in stolen property.  On March 23, 
 1993, he was paroled.
In September 1997, Minor was arrested in Maryland on a burglary 
 charge.  He posted bail and, after receiving permission from his parole officer, 
 moved to Myrtle Beach, South Carolina, with his wife and family.
On January 25, 1998, Minor was arrested in Horry County 
 and charged with possession of crack cocaine.  He was also arrested on a fugitive 
 warrant for the pending Maryland burglary charge.  The Maryland charge was later 
 dismissed.
Following Minors counseled guilty plea to possession of 
 powder cocaine, he was released to the State of Florida.  Under Florida law, 
 a paroled defendant may be required to serve the remainder of a sentence if 
 he violates the terms of his parole.  The Florida Parole authorities determined 
 Minors South Carolina plea violated his Florida parole and imposed a seventeen-year 
 sentence.  
ISSUE

Was plea counsel 
 ineffective in advising Respondent of the effect of his 
 South Carolina guilty plea on his Florida parole? 

ANALYSIS
To establish 
 a claim of ineffective assistance of counsel, the PCR applicant must establish 
 that trial counsels representation fell below an objective standard of reasonableness 
 and that, but for counsels errors, there is a reasonable probability the result 
 would have been different.  Strickland v. Washington, 466 U.S. 668, 104 
 S.Ct. 2052, 80 L.Ed.2d 674 (1984).   A defendant who pleads guilty on the advice 
 of counsel may only attack the voluntary and intelligent character of the plea 
 by showing (1) counsels representation fell below an objective standard of 
 reasonableness and (2) there is a reasonable probability that, but for, counsels 
 errors, the defendant would not have pled guilty, but would have gone to trial.  
 Hill v. Lockhart, 474 U.S. 52, 56-57, 106 S.Ct. 366, 369, 88 L.Ed.2d 
 203, 208 (1985);  McCray v. State, 317 S.C. 557, 455 S.E.2d 686 (1995).  
 A reasonable probability is a probability sufficient to undermine confidence 
 in the outcome of trial.  Id. 466 U.S. at 694, 104 S.Ct. at 2068, 80 
 L.Ed.2d at 698.  The PCR judges findings will be upheld by this Court when 
 they are supported by any evidence of probative value.  Cherry v. State, 
 300 S.C. 115, 386 S.E.2d 624 (1989).  However, the Court will not uphold the 
 findings of the PCR court if no probative evidence supports those findings.  
 Holland v. State, 322 S.C. 111, 470 S.E.2d 378 (1996).
The State contends 
 the PCR judge erred by concluding trial counsel was ineffective because he did 
 not advise Minor his guilty plea would revoke his Florida parole.  Specifically, 
 the State relies on a colloquy between the circuit court judge and Minor at 
 the conclusion of the plea.  Trial counsel explained to the circuit court judge 
 that Minor is on hold from Florida and he is aware that this plea will violate 
 his probation down there.  Immediately thereafter, the plea judge asked Minor 
 if he had anything he wanted to say.  Minor voiced no concerns or disagreement. 

 
Prior to Minors 
 plea, counsel discussed with Minor that a plea in South Carolina would violate 
 Minors Florida probation.  Therefore, Minor has failed to show error or prejudice, 
 i.e., that counsels representation fell below an objective standard of reasonableness 
 and that, but for any error by counsel, he would not have pled guilty, but would 
 have gone to trial.  We conclude there is no evidence of probative value in 
 the record supporting the post-conviction courts findings.  Accordingly, we 
 reverse.
REVERSED.
TOAL,
C.J., MOORE, WALLER and PLEICONES, JJ., concur.