THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
 
 THE STATE OF SOUTH CAROLINA
 In The Supreme Court
 
 
 
 
 Corey L. Sparkman, Petitioner,
 
 v.
 State of South Carolina, Respondent.
 
 
 
 
 
 ON WRIT OF CERTIORARI
 
 Appeal From Horry County
  John L. Breeden, Jr., Circuit Court Judge
 
 Memorandum Opinion No. 2007-MO-054  
 
 Submitted August 22, 2007 - Filed  September 10, 2007
 
 REVERSED
 
 
 
 
 
 Appellate Defender Robert M. Pachak, South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Petitioner.
 Attorney General Henry Dargan McMaster, Chief Deputy John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Daniel E. Grigg, all of Columbia, for Respondent.
 
 
 
 
 
 PER CURIAM:  Petitioner filed a petition for a writ of certiorari to review the denial of his application for post conviction relief (PCR).  We grant the petition, dispense with further briefing, reverse the PCR judges ruling, and remand for a new trial.
 FACTUAL/PROCEDURAL BACKGROUND
 On March 31, 2001, at approximately 2:15 a.m., two men entered a Days Inn hotel.  Christopher Newton, the assistant manager, who was in the back office counting money, went to the front desk.  The men asked if any rooms were available, and Newton informed them the hotel was booked.  The taller of the two men (Suspect 1) pulled out a switchblade knife and demanded money.  When Newton told them he could not open the safe, Suspect 1 stabbed him twice, and the other man (Suspect 2) struck him in the head, rendering him unconscious. 
 
 Several days later, Newton went to the police station where a detective instructed him to look through three books containing mug shots of both males and females of different races.  Newton identified petitioners photograph as Suspect 2.  Two days later, Newton contacted the police department regarding his identification and told the detective he wanted to take another look at the photograph to be certain that he had correctly identified the man in the photograph as Suspect 2.  The detective told Newton he could not look at the photograph again, but he could provide him with a photographic lineup.  As a result, another detective provided a lineup with six pictures.  Newton again identified petitioners photograph as Suspect 2.[1]  
 
 At trial, when the solicitor asked Newton to describe Suspect 2, he stated, His hair I remember specifically were [sic] in dread locks, short dread locks.  On cross-examination, Newton stated Suspect 2 had small little rows twisted together that were approximately an inch long.  The defense called petitioners mother, sister, and girlfriend, each of whom testified petitioner was with them on the night of the robbery at a family gathering.  After six and a half hours of deliberating, the jury informed the trial judge they were deadlocked.  The trial judge gave the jury an Allen[2] charge, and one and a half hours later, the jury found petitioner guilty.  
 
 At the PCR hearing, petitioner alleged trial counsel was ineffective for failing to present evidence showing his head was shaved at the time of the robbery.  First, a cosmetologist testified at least one inch of hair is required before a person could begin the process of putting dreadlocks in his or her hair.  Next, petitioners probation agent, sister, and girlfriend all testified that petitioners head was shaved at the time of the robbery.  Additionally, petitioner presented a picture taken of him on November 20, 2000, in which petitioner had a shaved head.  Trial counsel testified Newton based his identification on facial features, not hairstyle, and testified that he thought the better approach was to focus on the fact that Newton did not have enough time to recognize Suspect 2, rather than focusing on whether petitioner had dreadlocks.  However, trial counsel admitted that, in discussing defenses, petitioner briefly mentioned to him that his head was shaved at the time of the robbery. 
 
 The PCR judge found the issue of whether petitioner had dreadlocks was irrelevant and found the photograph petitioner presented at the PCR hearing was not significant because it did not properly reflect petitioners appearance at the time of the robbery.  Accordingly, he denied petitioners request for PCR.
 STANDARD OF REVIEW
 This Court gives great deference to the PCR judges findings of fact and conclusions of law.  Dempsey v. State, 363 S.C. 365, 368, 610 S.E.2d 812, 814 (2005).  On review, a PCR judges findings will be upheld if there is any evidence of probative value sufficient to support them.  Cherry v. State, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989).  If no probative evidence exists to support the findings, the Court will reverse.  Pierce v. State, 338 S.C. 139, 144, 526 S.E.2d 222, 225 (2000).
 LAW/ANALYSIS
 Petitioner argues the PCR judge erred in finding the issue of whether he had dreadlocks at the time of the robbery was irrelevant.  Petitioner maintains whether he had dreadlocks was relevant to Newtons identification and to his alibi defense and could have raised reasonable doubt as to his guilt.  He also argues trial counsel did not have a valid reason for failing to raise this issue.
 To establish a claim of ineffective assistance of counsel, a PCR applicant must prove: (1) that counsel failed to render reasonably effective assistance under prevailing professional norms; and (2) that the deficient performance prejudiced the applicants case.  Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Counsel must articulate a valid reason for employing a certain strategy to avoid a finding of ineffectiveness.  Ingle v. State, 348 S.C. 467, 560 S.E.2d 401 (2002).  Where counsel articulates a strategy, it is measured under an objective standard of reasonableness.  Id.
 In our opinion, there is no evidence in the record to support the PCR judges ruling that the dreadlock issue was irrelevant.  Evidence is relevant if it tends to establish or make more or less probable some matter in issue upon which it directly or indirectly bears.  State v. Schmidt, 288 S.C. 301, 342 S.E.2d 401 (1986).  Newtons identification of petitioner as Suspect 2 was extremely critical to the States case against petitioner, as it was the only evidence of his guilt.  Newton testified he specifically identified Suspect 2 as having dreadlocks more than once at trial.  Thus, evidence that petitioners head was shaved at the time of the robbery would have been evidence that Newton misidentified petitioner, thereby supporting his alibi defense.  Accordingly, the evidence was relevant.  Schmidt, supra.

 Moreover, we find trial counsel did not articulate a valid reason for failing to raise this issue.  Although trial counsel testified that Newtons identification was based on facial features and that he chose to focus on whether Newton had adequate time to recognize Suspect 2, he also admitted petitioner told him that he had a shaved head at the time of the robbery.  Thus, trial counsel was aware of evidence that would have further supported the defenses case.  Therefore, trial counsels strategy to only focus on facial features and not raise the dreadlock issue was unreasonable.  Ingle, supra.  
 
 Finally, we conclude petitioner was prejudiced by trial counsels failure to present evidence that he had a shaved head at the time of the robbery.  Newtons identification was the only evidence linking petitioner to the robbery, and, in both photographs in which Newton identified petitioner as Suspect 2, petitioner had dreadlocks.  Furthermore, the jury deliberated for eight hours, informed the judge they were deadlocked, and were given an Allen charge.  Accordingly, there is a reasonable probability that the outcome of the trial would have been different if the jury was presented with additional evidence supporting petitioners alibi or conflicting with Newtons identification.  Strickland, supra.  
 
 CONCLUSION
 For the foregoing reasons we reverse the PCR judges ruling and remand for a new trial. 
 
 TOAL, C.J., MOORE, WALLER, PLEICONES, JJ., and Acting Justice E. C. Burnett, III, concur.

[1] Petitioner had dreadlocks in both photographs in which Newton identified him as Suspect 2.
[2] Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896) (the trial judge may give a jury charge urging the jury to reach a verdict).