THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Johnny L.
 Cantrell, Petitioner,
 v.
 State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Anderson County
J.C. Nicholson, Trial Judge
 J. Cordell Maddox, Jr., Post-Conviction
 Judge
Memorandum Opinion No. 2008-MO-048
Submitted September 18, 2008  Filed
 November 24, 2008   
 

REVERSED

 
 
 
 Appellate
 Defender Robert M. Pachak, of South Carolina Commission on Indigent Defense,
 Division of Appellate Defense, of Columbia, for Petitioner.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant
 Deputy Attorney General Salley W. Elliott, and Assistant Attorney General
 Daniel E. Grigg, all of Columbia, for Respondent.
 
 
 

PLEICONES:  After a jury trial, Petitioner
 Johnny L. Cantrell (Petitioner) was convicted of criminal sexual conduct with a
 minor in the second degree and assault with intent to commit the same. 
 Petitioner filed a post-conviction relief (PCR) application alleging
 ineffective assistance of counsel, which the PCR court denied.  We reverse. 
FACTS
Defense presented
 Petitioners daughter (Daughter) who is also the victims sister.  Daughter
 testified that she lived in the home during eight of the nine months in which
 the alleged abuse occurred and contradicted much of the victims testimony of
 abuse.
The following day,
 the State sought to introduce the testimony of a reply witness (Witness) who,
 during an in-camera hearing, testified that on the day prior to Daughters
 testimony, she told Witness that she knew of her fathers guilt.  Despite
 repeated inquiries by the trial judge, defense counsel (Counsel) interposed no
 objection to Witnesss testimony.  Witness then testified in court.  Counsel
 sought to recall Daughter to deny having made the statement to Witness, but the
 request was denied.
At the PCR hearing,
 Petitioner alleged that Counsel was ineffective in failing to object to
 Witnesss testimony regarding Daughters alleged prior inconsistent statement
 when no proper foundation had been laid.  Daughter testified at the hearing and
 denied having made the statement.  The PCR judge denied the ineffective
 assistance claim, finding that Counsels performance was not deficient and that
 Petitioner had not been prejudiced by Witnesss testimony.

ISSUE
Did the PCR judge
 err in finding that Petitioners counsel was not ineffective in failing to
 object to the States use of a reply witness to impeach a defense witness with
 a prior inconsistent statement without laying a proper foundation?
ANALYSIS
In
 considering a claim of ineffective assistance of counsel, courts presume that
 counsel rendered adequate assistance and made all significant decisions in the
 exercise of reasonable professional judgment. Butler v. State,
 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985).  To receive relief, the
 Petitioner must overcome this presumption by satisfying a two-prong test. Cherry
 v. State, 300 S.C. 115, 117, 386 S.E.2d 624, 625 (1989).  We must affirm
 the PCR courts ruling if there is any probative evidence to support the
 judges factual findings and conclusions. McCray v. State, 317 S.C. 557,
 559, 455 S.E.2d 686, 687 (1995).  Finding no probative evidence to support the
 PCR courts finding, we reverse.
A. Deficient Performance
To
 show ineffective assistance of counsel, Petitioner must first prove that trial counsels
 (Counsel) performance was deficient. Dawkins v. State, 346 S.C. 151,
 155-56, 551 S.E.2d 260, 262 (2001).  Under this prong, attorney performance is
 measured by its reasonableness under prevailing professional norms. Id. 
The
 PCR court found that Counsels performance was not deficient in failing to
 object to the reply testimony of Witness.  The PCR court cited two reasons why Counsel
 acted reasonably in not objecting.  First, the PCR court noted that Witnesss
 testimony in reply was proper.  Second, Counsel reasonably anticipated being
 able to call Daughter back to the stand in surrebuttal.  

(1) Smiths reply
 testimony was not proper.
Rule
 613(b) of the South Carolina Rules of Evidence (SCRE) provides that extrinsic
 evidence of a prior inconsistent statement is not admissible unless the
 witness is advised of the substance of the statement, the time and place it was
 allegedly made, and the person to whom it was made, and is given the
 opportunity to explain or deny the statement.  It is mandatory that a witness
 be permitted to admit, deny, or explain a prior inconsistent statement. State
 v. McLeod, 362 S.C. 73, 80, 606 S.E.2d 215, 219 (Ct. App. 2004).  Since the
 record shows that Daughter was never informed of the date, time, and place of
 the statement, the reply testimony was not proper.  
(2) Counsel did not
 articulate valid reasons for employing a trial strategy.
At
 the PCR hearing, Counsel noted that he planned to call Petitioners daughter
 (Daughter) in surrebuttal to the reply testimony.  The question of surrebuttal,
 however, is irrelevant to Counsels choice not to object to Smiths reply
 testimony unless Counsels trial strategy was to decline to assert Rule 613(b)
 and instead rely on surrebuttal testimony from Daughter.  
The
 record demonstrates that Counsels decision not to object to the reply
 testimony was not based on a trial strategy but instead Counsels
 misunderstanding of Rule 613(b).  When confronted with Smiths testimony during
 the in-camera hearing, Counsel stated that the testimony would be proper
 reply.  Counsel reiterated his view at the Hearing:

 
 
 Q.  
 Okay.  Do you have any basis why you wouldnt 
 have objected [to Smiths reply testimony]?
 
 
 
 A. 
 I think it was probably pretty proper 
 reply.  Damaging, but proper reply.  The young lady had 
 just  recently had testified on her fathers behalf.  And then 
 apparently she had indicated otherwise previously.  I think it 
 was proper reply. 
 
 

The
 record demonstrates that Counsel made a mistake rather than a choice, and thus
 did not fail to object based on trial strategy.
Assuming
 arguendo that Counsel acted pursuant to a strategy, Counsel has no valid reason
 for his decision.  Where counsel articulates valid reasons for employing a
 certain strategy, counsels choice of tactics will not be deemed deficient
 performance. Whitehead v. State, 308 S.C. 119, 417 S.E.2d 530 (1992). 
 Counsel must articulate a valid reason for employing a certain strategy
 to avoid a finding of ineffectiveness. Ingle v. State, 348 S.C. 467,
 470, 560 S.E.2d 401, 403 (2002) (emphasis in original).  Where counsel
 articulates a strategy, it is measured against an objective standard of
 reasonableness. Id.
In
 choosing not to object to the testimony, Counsel effectively declined to assert
 a right to call Daughter to deny having made the statement, in favor of a
 discretionary right to surrebuttal. See State v. Watson, 353 S.C.
 620, 632, 579 S.E.2d 148, 150 (2003) (Admission of evidence in surrebuttal is
 very much in the discretion of the trial judge.).  Counsel never articulated a
 valid reason for the decision not to object.
There
 is no evidence to support the PCR judges finding that Counsels performance
 was not deficient.  
C. Prejudice
In
 order to find ineffective assistance of counsel, Petitioner must show not only
 deficient performance but also that Counsels deficient performance prejudiced
 Petitioner. Dawkins, supra.  To demonstrate prejudice, the
 applicant must show that but for Counsels errors, there is a reasonable
 probability that the result of the trial would have been different. Id. at 156, 551 S.E.2d at 262.  A reasonable probability is a probability sufficient
 to undermine confidence in the outcome of trial. Id.
The
 State presented no physical evidence and, other than Smith and the victim,
 called only five witnesses.  The testimony of all five witnesses focused almost
 solely on the fact that victim had communicated to them that he had been
 sexually abused.  
The
 remainder of the evidence favorable to the State was minimal.  One investigator
 testified that he observed a bottle of hand lotion on a coffee table in the
 house.  The victim testified that Petitioner used lotion when attempting to
 anally penetrate the victim.  However, Petitioner and both his daughters
 explained the presence of the lotion as a treatment for Petitioners dry hands,
 which he claimed resulted from contact with Agent Orange during the Vietnam
 War.  
We
 find that there is no probative evidence to support the PCR courts finding
 that absent counsels error, there is no reasonable probability that the result
 of the trial would have been different.  Had counsel objected to Witnesss
 testimony, Daughter would have been called prior to Witnesss testimony to deny
 or explain the statement.  If Daughter had not been called, Witnesss testimony
 would be barred by Rule 613(b).  Instead, Witness was allowed to testify and
 was the next to last witness the jury heard.  Moreover, Daughter was never
 called to rebut Witnesss testimony.  It is reasonably probable that the jury
 inferred from Daughters failure to testify regarding Witnesss assertion, an
 admission that Witnesss statement was true.  
CONCLUSION
This
 Court must affirm if there is any probative evidence to support the judges
 factual findings and conclusions. McCray, supra.  We find there
 is no probative evidence to support the finding that Petitioners counsel was
 not ineffective in failing to object to Witnesss testimony.  Accordingly, we reverse
 the finding and remand for a new trial.

WALLER, BEATTY and
 KITTREDGE, JJ., concur.  TOAL, C.J., dissenting in a separate opinion.

Chief Justice Toal:  I respectfully dissent.  In my view, evidence in the record supports
 the PCR courts ruling and I would therefore affirm the decision.  
Although
 I agree with the majority that the Witnesss testimony was improper, in my
 view, Petitioner failed to show prejudice.  The Witnesss testimony, in which
 she told the jury that the Victims sister stated to her that she believed
 her father had sexually abused the Victim, was extremely brief and the
 solicitor did not mention this testimony in closing arguments.  In my opinion,
 the Witnesss testimony regarding the sisters statements had little or no
 impact on the jurys decision because the jury clearly believed the testimony
 of the eyewitness to the crime, the Victim.  For these reasons, I believe that
 Petitioner failed to show a reasonable probability that the result of the trial
 would have been different, and I would therefore affirm the PCR courts
 decision denying relief.