THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Eric Crain, Respondent,
 v.
 State of South Carolina, Petitioner.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Pickens County
D. Garrison Hill, Plea Judge
 Alison Renee Lee, Post-Conviction Relief
Judge

Memorandum Opinion No.  2010-MO-033
 Submitted December 15, 2010  Filed
December 20, 2010  

AFFIRMED IN PART, REVERSED IN PART

 
 
 
 Attorney General Henry D. McMaster, Chief Deputy Attorney General
 John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General Karen Ratigan, of Columbia, for Petitioner.
 H. Michael Spivey, of Mauldin, for Respondent.
 
 
 

PER
 CURIAM:  The State seeks a writ of certiorari from an order granting
 respondent post-conviction relief (PCR) and a belated review of his direct
 appeal issues pursuant to White
 v. State, 263 S.C. 110,
 208 S.E.2d 35 (1974).  We deny the petition for a writ of certiorari on the
 State's Question I.  As to Questions II and III, we grant the petition,
 dispense with further briefing, and affirm in part and reverse in part the
 order of the PCR judge.
Respondent
 pled guilty to second degree criminal sexual conduct (CSC) with a minor
 involving E.B.  However, the record
 demonstrates respondent believed he was pleading to CSC with J.A.  The
 recitation of facts by the solicitor at the plea proceeding corresponds with
 the facts in the J.A. case, but not the E.B. case.  Respondent consistently
 maintained his innocence on the E.B. charge and admitted the J.A. charge.  
Because
 there is evidence respondent would not have pled guilty had he known he was not
 pleading to the CSC with J.A., the record supports the finding that counsel was
 deficient in failing to ensure respondent entered a knowing and voluntary plea
 to the charge involving J.A. and petitioner was prejudiced by counsel's
 deficiency.  Hill v.
 Lockhart, 474 U.S. 52
 (1985) (in order to prove counsel was ineffective when a guilty plea is
 challenged, the applicant must show counsels performance was deficient and,
 but for counsels errors, there is a reasonable probability a guilty plea would
 not have been entered).  We, therefore, affirm the portion of the PCR judge's
 order finding counsel was ineffective.  McCray
 v. State,
 317 S.C. 557, 455 S.E.2d 686 (1995) (this Court must affirm the rulings of the
 PCR judge if there is any evidence to support the decision).
As relief
 for counsel's ineffective assistance, the PCR judge ordered the Attorney General's Office and the solicitor to
 "work together to correct, modify, or change the sentencing sheet to
 reflect the appropriate indictment involving the victim, J.A."  This was
 error.  Because respondent did not enter a knowing and
 voluntary plea, the proper remedy is a new trial.  Accordingly, we reverse the
 portion of the order of the PCR judge requiring the State to alter respondent's
 sentencing sheet and grant respondent a new trial.[1]
AFFIRMED
 IN PART, REVERSED IN PART.
TOAL,
 C.J., PLEICONES, BEATTY and HEARN, JJ., concur. KITTREDGE, J., dissenting in a
 separate opinion.

JUSTICE KITTREDGE:  I respectfully dissent.  The State seeks a writ of certiorari in
 connection with a grant of post-conviction relief (PCR).  The PCR court ordered
 a modification of the sentencing sheet "to reflect the appropriate
 indictment involving the victim, J.A."  Respondent has filed a Return
 asking that the grant of PCR, as specifically determined by the PCR court, be
 upheld.  The Court today grants relief neither party has sought.  Because I
 believe the judgment of the PCR court is supported by the any evidence standard
 of review, I vote to deny the State's petition for certiorari.

[1] Because we grant respondent a new trial, this renders
 a belated review of any direct appeal issues moot.