**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Derrick Fishburne, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2021-000107

———————

Appeal From Colleton County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-248
Submitted May 1, 2023 – Filed June 21, 2023

———————

**REVERSED**

———————

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Megan Harrigan Jameson, and Senior Assistant Deputy Attorney General William M. Blitch, Jr., all of Columbia, for Petitioner.

Tristan Michael Shaffer, of Adams Bischoff LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** The State appeals the post-conviction relief (PCR) court's order granting Derrick Fishburne a new trial. On appeal, the State argues the PCR court

erred in finding trial counsel was ineffective for referencing Fishburne's criminal history at trial. We reverse.

We find the PCR court erred in finding trial counsel ineffective for referencing Fishburne's criminal history at trial because counsel articulated a reasonable trial strategy for doing so. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (stating a PCR applicant arguing ineffective assistance of counsel must show: (1) counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *id.* at 690 (explaining counsel's performance is presumed to be reasonable, and a reviewing court proceeds from the rebuttable presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment"). At trial, counsel referred to Fishburne's criminal history throughout his opening and closing statements, calling him one of the "usual suspects," asserting law enforcement had "picked Fishburne up from roll call" for an unrelated charge when it arrested him for the crime, and indicating Fishburne's family had prior conflict with law enforcement. Counsel testified he strategically referenced this information in an attempt to explain to the jury why Fishburne mistrusted law enforcement and lied to officers about his presence at the crime scene. Accordingly, we find counsel was not deficient. *See Smith v. State*, 386 S.C. 562, 567, 689 S.E.2d 629, 632 (2010) ("[W]hen counsel articulates a valid reason for employing a certain strategy, such conduct will not be deemed ineffective assistance of counsel."); *Magazine v. State*, 361 S.C. 610, 617, 606 S.E.2d 761, 764 (2004) *abrogated on other grounds by Smalls v. State*, 422 S.C. 174, 810 S.E.2d 836 (2018) (explaining appellate courts review trial counsel's strategy under "an objective standard of reasonableness" (quoting *Ingle v. State*, 348 S.C. 467, 470, 560 S.E.2d 401, 402 (2002))); *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (explaining a defendant must show defense counsel failed to act reasonably considering all the circumstances of a case in order to overcome the presumption of adequate representation).

**REVERSED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.