512 S.E.2d 507

**The STATE, Respondent,**

v.

**Joseph E. GARCIA, Appellant.**

**No. 24896.**

Supreme Court of South Carolina.

Heard Dec. 16, 1998.

Decided Feb. 8, 1999.

David I. Bruck and Assistant Appellate Defender Melody J. Brown, of South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Special Assistant Attorney General Robert F. Daley, Jr., of Columbia; and Solicitor John R. Justice, of Chester, for respondent.

BURNETT, Justice:

Appellant was convicted of murder and sentenced to life imprisonment. We reverse.

### FACTS

Appellant admitted he shot and killed his girlfriend, Holly Crouch Collins, while the two were at home on the evening of July 19, 1996. Appellant maintained the shooting was an accident. There were no witnesses.

Over appellant's objection, the State presented witnesses who testified, in essence, shortly before her death, the deceased was scared of appellant. Specifically, these witnesses testified as follows:

1) Iva Hopper, Holly's grandmother, testified, the day before Holly's death, she noticed a bruise below Holly's knee. She asked Holly how she had acquired the bruise and Holly stated appellant had kicked her.

2) Lisa Estes, Holly's cousin, testified a week before Holly's death, Holly told her appellant stated, if she ever left him, he would kill her and her family.

Appellant offered no evidence at trial.

## ISSUE

Did the trial court err by ruling Estes' and Hopper's testimony was admissible under Rule 803(3), SCRE, the "state of mind" exception?

## DISCUSSION

Appellant argues the trial court erred by admitting Estes' and Hopper's testimony under the "state of mind" exception to the rule against hearsay.[1] Rule 803(3), SCRE. More particularly, appellant contends the decedent's state of mind was not a relevant issue and, further, the decedent's statements do not fall within the "state of mind" exception to the rule against hearsay.

Evidence is relevant if it tends to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, SCRE. Here, the victim's state of mind—that she was scared of appellant—was relevant because it tended to disprove appellant's contention the shooting was an accident; the victim's fear suggests appellant may have intended the shooting. *United States v. Tokars*, 95 F.3d 1520 (11th Cir.1996) (when relevant to the motive to kill, evidence of the victim's state of mind is admissible under Rule 803(3), FRE); *State v. Wood*, 180 Ariz. 53, 881 P.2d 1158 (1994) (victim's statements about her fear of defendant and her desire to end their relationship were relevant to trial issues of defendant's motive and mental state); *State v. Richards*, 552 N.W.2d 197 (Minn.1996) (where defendant raised accident and/or suicide as a defense to homicide charge, victim's state of mind was relevant); *State v. Crawford*, 344 N.C. 65, 472

---

1. Initially, appellant also objected to a statement made by Heather Sloan. In his reply brief and at oral argument, however, appellant essentially conceded Sloan's testimony was properly admitted and, as a whole, was non-prejudicial.

S.E.2d 920 (1996) (in homicide trial, victim's state of mind was relevant to refute defendant's claim of self-defense and accident); *see also State v. Shurn,* 866 S.W.2d 447 (Mo.1993) (victim's statements of fear are relevant where defendant argues self-defense).

We find, however, that, while the decedent's state of mind was relevant, Hopper's and Estes' testimony concerning the victim's statements to them were not admissible under the state of mind exception.[2]

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 801(c), SCRE. Hearsay is generally inadmissible. Rule 802, SCRE.

Rule 803, SCRE, provides, in part, as follows:

The following are not excluded by the hearsay rule:

**(3) Then existing mental, emotional, or physical condition.** A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

Rule 803(3), SCRE, is identical to its counterpart in the Federal Rules of Evidence. Under the Federal Rules of Evidence, "Rule 803(3) provides an exception for statements of present state of mind, emotion or physical condition." S. Saltzburg, M. Martin, D. Capra, *Federal Rules of Evidence Manual,* p. 1656 (1998). These statements are considered trustworthy because "they are based on unique perception; that is, the declarant has a unique perspective into his own feelings and emotions." *Id.* Statements may either directly or circumstantially show the declarant's state of mind, emo-

---

**2.** 41 C.J.S. *Homicide* § 237 (1991) ("[a]s a general rule, statements and declarations by deceased are not evidence either for or against accused, unless they come within some of the recognized exceptions to the hearsay rule.").

tion, or physical condition. M. Graham, *Handbook of Federal Evidence* (1996).

■ Like Rule 803(3), FRE, Rule 803(3), SCRE, "does not permit a statement of memory or belief to prove the fact remembered," unless relating to the declarant's will. *Id.* The purpose of this exclusion is "to avoid the virtual destruction of the hearsay rule which would otherwise result from allowing state of mind, provable by a hearsay statement, to serve as a basis for an inference of the happening of the event which produced the state of mind." [3] Advisory Committee Note to Rule 803(3), FRE. Consequently, while the present state of the declarant's mind is admissible as an exception to hearsay, the reason for the declarant's state of mind is not. *United States v. Cohen*, 631 F.2d 1223, 1225 (5th Cir.1980) ("But the state-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind. If the reservation in the text of the rule is to have any effect, it must be understood to narrowly limit those admissible statements to declarations of condition—'I'm scared'—and not belief—'I'm scared because [someone] threatened me'.").

■ Hopper's and Estes' testimony concerning statements the deceased made to them were improperly admitted under Rule 803(3), SCRE. While their testimony presents circumstantial evidence of the decedent's fear of appellant and concern for her safety, the testimony improperly reveals the reason for her state of mind (i.e., that appellant had kicked and threatened to kill her). *United States v. Joe*, 8 F.3d 1488 (10th Cir.1993) (under Rule 803(3), FRE, witness could testify declarant stated she was "afraid sometimes," but not because she thought her husband was going to kill her); *State v. Wood,*

---

3. Rule 803(3), FRE, is a codification of the holding in *Shepard v. United States*, 290 U.S. 96, 54 S.Ct. 22, 78 L.Ed. 196 (1933), where the Court held the ill victim's statement to her nurse that she had taken her husband's whiskey before collapsing and he had poisoned her was inadmissible. The Court noted the statement "spoke to a past act, and more than that, to an act by some one not the speaker." *Id.* 290 U.S. at 106, 54 S.Ct. at 26, 78 L.Ed. at 202. The Court distinguished the victim's statement from those "[d]eclarations of intention, casting light upon the future ...". *Id.*

*supra* (witness' testimony "[declarant] told me that she did not want to stay at the apartment because [defendant] had threatened her life" was inadmissible under Rule 803(3), Ariz. R.Evid.); *State v. Bell,* 950 S.W.2d 482 (Mo.1997) (testimony that decedent had stated defendant had assaulted her on prior occasions was inadmissible hearsay); *State v. Reynolds,* 80 Ohio St.3d 670, 687 N.E.2d 1358 (1998) (declarant's statements that she was fearful or concerned are admissible but reasons for emotions are not admissible). Accordingly, the trial judge erred in admitting Hopper's and Estes' testimony.[4]

■ In light of the entire record and, because the incompetent testimony offered by Hopper and Estes directly refutes appellant's accident defense, we conclude the admission of their testimony was not harmless beyond a reasonable doubt. Accordingly, appellant's conviction and sentence are hereby reversed.

**REVERSED.**

FINNEY, C.J., TOAL, MOORE and WALLER, JJ., concur.

---

4. The trial judge also ruled Hopper's and Estes' testimony was also admissible under Rule 803(1), SCRE, present sense impression, and Rule 803(2), SCRE, excited utterance. Under Rule 803(1), SCRE, a statement describing or explaining an event or condition is admissible if "made while the declarant was perceiving the event or condition, or immediately thereafter." Under Rule 803(2), SCRE, "a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is admissible. The deceased's statements to Hopper and Estes were neither a present sense impression nor an excited utterance. There was no indication as when appellant had kicked or threatened the deceased so as to determine the timing of the events in relation to her statements to Hopper and Estes. *See State v. Hill,* 331 S.C. 94, 501 S.E.2d 122 (1998) (where it was unknown whether declarant's statement was made under the stress of excitement caused by the event, the statement was not admissible as excited utterance); *State v. Burroughs,* 328 S.C. 489, 492 S.E.2d 408 (Ct.App.1997) (victim's statement to police and nurse approximately ten hours after incident was inadmissible as present sense impression).