551 S.E.2d 260

**Thomas DAWKINS, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25340.**

Supreme Court of South Carolina.

Heard June 19, 2001.
Decided Aug. 13, 2001.

---

**7.** Respondents agree the grant of summary judgment as to Richard should be reversed.

Chief Attorney Daniel T. Stacey and Assistant Appellate Defender Katherine Carruth Link, both of the South Carolina Office of Appellate Defense, and Tara Dawn Shurling, all of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Allen Bullard, and Assistant Attorney General David Spencer; all of Columbia, for respondent.

MOORE, Justice:

We granted this petition for a writ of certiorari to determine if the post-conviction relief (PCR) court erred by not finding petitioner's counsel had rendered ineffective assistance. We reverse.

## FACTS

Petitioner was indicted for four counts of first degree criminal sexual conduct. He was acquitted of two counts and convicted of two counts. He was sentenced to thirty years in prison on each count, to be served consecutively. His convictions and sentences were affirmed. *State v. Dawkins*, 297 S.C. 386, 377 S.E.2d 298 (1989).

Petitioner was accused by Pamela Chambless of having sex with her beginning when she was thirteen years old. At trial, he admitted having a relationship with Chambless and testified they had been engaged with the intention of becoming married after she completed high school. However, he denied he ever physically or sexually abused her. Petitioner maintained the allegations were part of a vendetta Chambless and her family had against him for breaking up with Chambless, refusing to date her sister, and marrying her sixteen-year-old cousin.

At trial, petitioner presented evidence from numerous witnesses, including some of Chambless's extended family mem-

bers, that during the period of time in which Chambless was allegedly being abused, she was happy, a good student, and acted as if she enjoyed petitioner's company. He also presented evidence that Chambless had psychiatric problems which included attention-seeking behavior and self-mutilating behaviors. Further, petitioner presented testimony explaining the items, such as ropes and razors, found by law enforcement in and around his house, which Chambless had maintained were used by him during the sexual abuse. Finally, he presented the testimony of his parents, his brother, his sister, and his brother's girlfriend that they were at home almost every evening. This testimony was presented to show petitioner could not have brought Chambless to the house essentially every other night of the week and sexually abused her as she claimed.

Chambless testified in detail about the sexual and physical abuse allegedly perpetrated by petitioner. In addition, Chambless's church counselor, her psychiatrist, a mental health counselor, and the investigator testified about conversations they had with Chambless regarding the alleged abuse.[1] Those witnesses named petitioner as the perpetrator.

At the PCR hearing, petitioner claimed his counsel was ineffective for failing to object, pursuant to *State v. Munn,* 292 S.C. 497, 357 S.E.2d 461 (1987),[2] to the witnesses's statements that Chambless told them petitioner was the perpetrator. Counsel testified at the PCR hearing his defense theory was

---

1. The church counselor and the investigator testified before Chambless took the stand to testify.

2. *State v. Munn* stated the following:
 ... there is no rule allowing any and all statements made by the alleged victim to be admissible through hearsay testimony as long as the victim testifies during the case. It is true that when the victim takes the stand and testifies, evidence that she complained of an assault may be introduced to corroborate her testimony. This right is limited in nature, however. "The particulars or details are not admissible but so much of the complaint as identifies 'the time and place with that of the one charged' may be shown."
 292 S.C. at 499–500, 357 S.E.2d at 463 (citing *State v. Cox,* 274 S.C. 624, 266 S.E.2d 784 (1980) and quoting *State v. Sharpe,* 239 S.C. 258, 272, 122 S.E.2d 622, 629 (1961), *overruled on other grounds by State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991)).

that petitioner did not commit the sexual acts and that Chambless had made up the allegations because she had a personal grudge against petitioner. Counsel testified he did not object to the witnesses's testimony because it was not a case of mistaken identity. He stated he and petitioner had known for a long time what Chambless was going to say and after the jury learned that Chambless was accusing petitioner of being the perpetrator, he was not going to make "technical objections" which he did not believe the judge would sustain.[3] Counsel stated to make those objections could have possibly upset or confused the jury and might have caused the jury not to trust his credibility as an attorney. He testified that "to simply call [petitioner] the perpetrator [was] like calling rain wet" because everyone in the courtroom knew petitioner was accused of being the perpetrator. Counsel admitted, however, that the witnesses's testimony that Chambless had told them petitioner was the perpetrator bolstered Chambless's testimony.

The PCR court found petitioner was not prejudiced by counsel's failure to object to the testimony, and concluded counsel gave valid, strategic reasons for not objecting to the testimony at issue.

## ISSUE

Whether counsel was ineffective for failing to object to hearsay testimony that designated petitioner as the perpetrator of the sexual offenses?

## DISCUSSION

Petitioner cited several instances in the testimony of four witnesses where counsel should have objected to inadmissible hearsay testimony that named petitioner as the person whom Chambless stated had abused her. Petitioner also claimed counsel should have objected to Sheriff Investigator Jeff Fuller's testimony describing the details of the alleged abuse which Chambless had related to him.

 For petitioner to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance

---

**3.** However, the trial judge had previously sustained objections of a similar nature.

156

under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Brown v. State*, 340 S.C. 590, 533 S.E.2d 308 (2000). To show prejudice, the applicant must show, but for counsel's errors, there is a reasonable probability the result of the trial would have been different. *Brown v. State, supra* (citing *Johnson v. State*, 325 S.C. 182, 480 S.E.2d 733 (1997)). A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial. *Id.*

The rule against hearsay prohibits the admission of an out-of-court statement to prove the truth of the matter asserted unless an exception to the rule applies. *Jolly v. State*, 314 S.C. 17, 443 S.E.2d 566 (1994). A well-settled exception in criminal sexual conduct cases allows limited corroborative testimony. *Id.* When the victim testifies, evidence from other witnesses that the victim complained of the sexual assault is admissible in corroboration; however, such evidence is limited to the time and place of the assault and cannot include details or particulars. *Id.; State v. Munn, supra.*[4] Testimony from other witnesses regarding the victim's identification of the perpetrator does not fall within this hearsay exception. *Id.*[5]

Since the testimony was inadmissible hearsay, counsel's failure to object to the introduction of that evidence fell below an objective standard of reasonableness. *See Strickland v. Washington, supra; Brown v. State, supra.*

As to the prejudice prong of *Strickland*, petitioner was prejudiced by counsel's deficient performance because improper corroboration testimony that is merely cumulative to the victim's testimony cannot be harmless. As we stated in *Jolly*,

---

4. *See also State v. Cox*, 274 S.C. 624, 266 S.E.2d 784 (1980) (particulars or details of victim's complaint are not admissible but so much of the complaint as identifies the time and place with that of the one charged may be shown); *State v. Sharpe*, 239 S.C. 258, 122 S.E.2d 622 (1961), *overruled on other grounds by State v. Torrence, supra* (same); *State v. Harrison*, 236 S.C. 246, 113 S.E.2d 783 (1960) (same).

5. *See also State v. Barrett*, 299 S.C. 485, 386 S.E.2d 242 (1989) (social worker's testimony as to details of sexual abuse reported by victim constituted impermissible bolstering of victim's testimony because the testimony was not limited to the time and place of assault).

"it is precisely this cumulative effect which enhances the devastating impact of improper corroboration." *See Jolly,* 314 S.C. at 21, 443 S.E.2d at 569. Consequently, petitioner should be granted relief for the ineffective assistance of counsel.

■ Further, the PCR court erred by finding counsel had valid strategy reasons [6] for not objecting to the testimony at issue. The testimony of the four witnesses relating what Chambless told them regarding her alleged sexual abuse served only to bolster her credibility. This case hinged on whether Chambless was credible. The improper corroboration of Chambless's allegation of sexual abuse by several witnesses thus had a "devastating impact" on petitioner's trial. Counsel's failure to object because he did not want to confuse or upset the jury does not constitute valid strategy.[7] *See Gallman v. State,* 307 S.C. 273, 414 S.E.2d 780 (1992) (counsel's failure to object to trial judge's improper comments inviting the jury to prematurely deliberate did not constitute valid strategy).[8] To eliminate the possibility of confusing or upsetting the jury, counsel could have sought a determination as to the inadmissibility of the hearsay testimony out of the hearing of the jury as he had previously done.

In sum, counsel did not articulate a valid strategy for failing to object to the testimony. Accordingly, we find petitioner is entitled to a new trial because he was prejudiced by counsel's deficient performance.

**REVERSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

6. Where counsel articulates valid reasons for employing a certain strategy, such conduct will not be deemed ineffective assistance of counsel. *Caprood v. State,* 338 S.C. 103, 525 S.E.2d 514 (2000).

7. This strategy was inappropriate especially given the fact there was not overwhelming evidence that petitioner sexually abused Chambless. For instance, while Chambless's hymen was found to be ruptured upon medical examination, this examination did not occur until approximately three years after the alleged abuse had occurred.

8. *See also Foye v. State,* 335 S.C. 586, 518 S.E.2d 265 (1999), *cert. denied,* 529 U.S. 1072, 120 S.Ct. 1685, 146 L.Ed.2d 492 (2000) (finding of deficient performance where counsel failed to employ an appropriate trial strategy in deciding whether to have defendant testify).