634 S.E.2d 642

**Bobby WATSON, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 26197.**

Supreme Court of South Carolina.

Submitted June 21, 2006.

Decided Aug. 14, 2006.

---

Attorney General Henry Dargan McMaster, Chief Deputy
Attorney General John W. McIntosh, Assistant Deputy Attor-

ney General Salley W. Elliott, and Assistant Attorney General Karen C. Ratigan, all of Columbia, for Petitioner.

Assistant Appellate Defender Eleanor Duffy Cleary, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Respondent.

Chief Justice TOAL:

The post-conviction relief ("PCR") court granted Bobby Watson ("Watson") a new trial, finding that counsel was ineffective for eliciting and failing to object to improper hearsay testimony. This Court granted the State's petition to review the PCR judge's decision. We reverse.

## FACTUAL / PROCEDURAL BACKGROUND

In 1999, a nine year old child accused Watson of sexual abuse. The victim made the allegation to her grandmother, who subsequently took the victim to a pediatrician. The pediatrician was unable to discover any evidence of abuse. However, a pediatric nurse practitioner, who specializes in conducting such examinations, later examined the victim more extensively. The nurse found that the victim's condition was consistent with past sexual abuse.

At trial, the victim testified about several incidents of abuse which occurred between 1997 and 1999. She also identified Watson as the perpetrator. Further, several witnesses testified regarding the victim's allegations. In addition to identifying the time and place of the abuse, the witnesses recalled the victim's statements to them regarding the abuse and identified Watson as her abuser.

Watson was convicted of first degree criminal sexual conduct with a minor and lewd act upon a child. He was sentenced to concurrent terms of thirty years for criminal sexual conduct with a minor and fifteen years for lewd act upon a child. The court of appeals affirmed Watson's convictions and sentences. *State v. Watson*, 353 S.C. 620, 579 S.E.2d 148 (Ct.App.2003).

Watson filed an application for PCR, alleging that counsel was ineffective in failing to object to improper hearsay testimony. The PCR court found that counsel's only strategic reason for allowing the testimony without objection was that

the testimony was "merely cumulative." As a result, the PCR court granted Watson relief. The State appeals raising the following issue for review:

Did the PCR court err in finding that counsel was ineffective for failing to object to the introduction of hearsay testimony?

## STANDARD OF REVIEW

██ In order to establish a claim of ineffective assistance of counsel, a PCR applicant must prove: (1) that counsel failed to render reasonably effective assistance under prevailing professional norms; and (2) that the deficient performance prejudiced the applicant's case. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court gives great deference to the PCR court's findings of fact and conclusions of law. *Caprood v. State,* 338 S.C. 103, 109, 525 S.E.2d 514, 517 (2000) (citing *McCray v. State,* 317 S.C. 557, 455 S.E.2d 686 (1995)). On review, a PCR judge's findings will be upheld if there is any evidence of probative value sufficient to support them. *Cherry v. State,* 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989). If no probative evidence exists to support the findings, this Court will reverse. *Pierce v. State,* 338 S.C. 139, 144, 526 S.E.2d 222, 225 (2000) (citing *Holland v. State,* 322 S.C. 111, 470 S.E.2d 378 (1996)).

## LAW / ANALYSIS

The State contends that the PCR court erred in finding that counsel was ineffective for failing to object to the introduction of hearsay testimony. We agree.

██ "The rule against hearsay prohibits the admission of evidence of an out-of-court statement to prove the truth of the matter asserted unless an exception to the rule applies." *Dawkins v. State,* 346 S.C. 151, 156, 551 S.E.2d 260, 262 (2001) (citing *Jolly v. State,* 314 S.C. 17, 20, 443 S.E.2d 566, 568 (1994)). One exception to the rule allows limited corroborative testimony in criminal sexual conduct cases when the victim testifies. *Id.*; Rule 801(d)(1)(D), SCRE. The corroborative testimony is restricted to the victim's complaint of the time and place of the sexual assault. *Dawkins,* 346 S.C. at 156, 551 S.E.2d at 262. Any other details or particulars, including the

perpetrator's identity, must be excluded. *Id.* at 156, 551 S.E.2d at 263.

■ This Court has held that the failure to object to improper hearsay testimony in a criminal sexual conduct case because the testimony is merely cumulative to the victim's testimony is not a reasonable strategy where the evidence is not overwhelming or the improper testimony bolsters the victim's testimony. *Dawkins,* 346 S.C. at 157, 551 S.E.2d at 263. However, where counsel articulates a valid reason for employing a certain strategy, such conduct will not be deemed ineffective assistance of counsel. *Stokes v. State,* 308 S.C. 546, 419 S.E.2d 778 (1992).

In this case, several witnesses testified about the abuse allegations against Watson. The victim's grandmother testified that the victim said, "Grandmomma, ah, Buster assaulted me sexually." [1] Additionally, a department of social services investigator and two psychologists testified that the victim had identified Watson as her abuser. One of the psychologists also provided detailed statements from the victim regarding the abuse, including statements such as "he stuck his thing in me." Portions of the corroborative testimony presented at trial were elicited by Watson's trial counsel. At no time did Watson's trial counsel object to the admission of the testimony.

At the PCR hearing, trial counsel testified that she did not object to the hearsay testimony because she wanted to avoid the possibility that the prosecution would have shown the video of the victim talking about the sexual abuse. Counsel stated that, "I used my own judgment. Had I objected, then they could have shown the video and shown the child again. And I did not think that was wise, to keep showing that ... the child telling about the abuse over and over, and over, and the jury seeing the child telling that over and over and over." The PCR court found that Watson's trial counsel failed to object to the hearsay testimony because "it was merely cumulative of the victim's testimony."

■ While the PCR court correctly found that the testimony was inadmissible hearsay under Rule 801(d)(1)(D), SCRE,

---

1. Watson is also known by the nickname "Buster."

the PCR court erred in finding that counsel's strategic reason for failing to object was unreasonable. In its decision, the PCR court mischaracterized trial counsel's testimony at the PCR hearing. Counsel did not fail to object because of the cumulative effect of the corroborative testimony, but instead decided that objections to the corroborative testimony might lead to the more damaging introduction of the victim's videotape. Accordingly, we hold that counsel articulated a valid reason for failing to object to the hearsay testimony, and the PCR court erred in finding that counsel was ineffective in failing to prevent the introduction of the hearsay testimony.

## CONCLUSION

For the above reasons, we reverse the PCR court's decision granting Watson a new trial.

MOORE, WALLER, and BURNETT, JJ., concur.
PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES dissenting:

I respectfully dissent because, in my opinion, there is probative evidence in the record to support the PCR judge's finding that Respondent's trial counsel was ineffective in both failing to object to hearsay, and in eliciting that testimony on cross-examination. *E.g. Smith v. State*, 369 S.C. 135, 631 S.E.2d 260 (2006). I would therefore affirm the PCR order granting Respondent a new trial.

The majority finds that trial counsel's failure to object to the hearsay evidence identifying Respondent as the perpetrator was not ineffective as it was the result of a valid strategic decision. I disagree. Trial counsel apparently believed that if she objected to the hearsay, it might lead to the State's introduction of a video tape in which the victim described the abuse. In fact, part of that tape was played at trial at trial counsel's request, and over the State's objection. Had the State wished, however, it could have sought to introduce the remainder of the tape following counsel's introduction of a portion of the interview. *See State v. Cabrera–Pena*, 361 S.C. 372, 605 S.E.2d 522 (2004). Further, to the extent trial counsel testified that she did not object to the improper hearsay testimony because counsel feared if she objected to

the hearsay they would simply play the tape "over and over and over," her fear is grounded in a fundamental misunderstanding of the law. The State was not entitled to introduce the victim's prior consistent statement unless Respondent charged the victim with a recent fabrication or improper motive or influence. *See* Rule 801(d)(1), SCRE. I simply do not understand how objecting to third party hearsay testimony that the victim had identified Respondent as her abuser could have opened the door to permit the State to play the interview tape.

In my opinion, no valid strategic decision explains trial counsel's failure to object to the hearsay testimony repeating the victim's identification of Respondent as her abuser. *Magazine v. State*, 361 S.C. 610, 606 S.E.2d 761 (2004) (counsel's strategy reviewed under "an objective standard of reasonable"). I would therefore affirm the PCR order.