738 S.E.2d 503

**Mark Edward VAIL, Petitioner,**

**v.**

**STATE of South Carolina, Respondent.**

**Appellate Case No. 2009–112367**

**No. 5092.**

Court of Appeals of South Carolina.

Heard Oct. 16, 2012.

Decided Feb. 20, 2013.

Rehearing Denied March 20, 2013.

Daniel J. Westbrook and Travis Dayhuff, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Petitioner.

Attorney General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley Elliott, Assistant Attorney General Matthew Frideman, and Assistant Attorney General Ashleigh Rayanna Wilson, of Columbia, for Respondent.

LOCKEMY, J.

In this appeal from the denial of his post-conviction relief (PCR) application, Mark E. Vail argues the PCR court erred in finding trial counsel was not ineffective for failing to object to alleged hearsay testimony. We reverse and grant Vail a new trial.

## FACTS

This case involved allegations from a thirteen-year-old girl (Victim), who claimed she and Vail, a teacher and coach at her First Baptist Church School (First Baptist), were having a sexual relationship. At trial, the State called several witnesses, including Kelsey R. (Sister) and John R. (Father), to testify regarding Victim's statements. Portions of witnesses' testimonies went into detail about the alleged sexual encounters and the resulting actions that were taken. At least two witnesses, Sister and Caroline O., testified Victim recanted her story soon after her confession to them.

Trial counsel did not object to the testimonies now alleged to be inadmissible hearsay, did not request limiting instructions, and did not move to exclude any of the statements pursuant to Rule 403, SCRE. The jury convicted Vail on the charges of second-degree criminal sexual conduct (CSC) with a minor and lewd act with a minor. He received a ten-year sentence and an eight-year sentence, to be served concurrently. The jury acquitted him of two other counts of CSC with a minor. Vail filed a timely notice of appeal but later withdrew it. Subsequently, Vail sought PCR claiming trial counsel had rendered ineffective assistance by failing to object to many instances of inadmissible hearsay. An evidentiary hearing was held on January 23, 2008.

At the PCR hearing, trial counsel explained his trial strategy was to use alibi witnesses for all the alleged instances of sexual intercourse except for one on November 4, 2003. While trial counsel admitted the November 4, 2003 incident presented a problem because Vail had no way of refuting it through an alibi witness, he hoped his attacks on the other instances would undermine the Victim's credibility. Trial counsel stated he had a "huge mountain to overcome" when the jury was presented with evidence of thirty hours of telephone calls between Vail and Victim, many of which were late at night. He maintained he did not object to all instances of hearsay because he wanted to be "transparent" with the jury and avoid appearing as if he was playing "hide the ball," because credibility was crucial in this case. He explained he failed to object to further hearsay from other witnesses because he had to elicit Victim's recantations through them as well. However, he admitted that even without the recantations and collateral attacks on Victim's credibility, he had various other credibility issues he could have pursued as well. He testified that another trial strategy was creating a picture that Victim had a teenage obsession with Vail. Trial counsel believed allowing the jury to hear through other witnesses the constant altering of Victim's story contributed to that picture.

The PCR court found trial counsel was not ineffective for failing to object to hearsay. To support its finding, the PCR court determined the majority of statements alleged by Vail to be hearsay did not fall under the definition of hearsay, or in the alternative, fell under various exceptions to the rule against hearsay. After the denial of PCR relief, Vail filed a petition for writ of certiorari, which this court granted on August 16, 2011.

**STANDARD OF REVIEW**

 "For [a] petitioner to be granted PCR as a result of ineffective assistance of counsel, he [has the burden to prove] both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective assistance." *Dawkins v. State*, 346 S.C. 151, 155–56, 551 S.E.2d 260, 262 (2001) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Brown v. State*, 340 S.C. 590, 533 S.E.2d 308 (2000)).

" 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.' " *Smith v. State*, 386 S.C. 562, 565, 689 S.E.2d 629, 631 (2010) (quoting *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052). "To establish prejudice, the defendant is required 'to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Id.* at 565–66, 689 S.E.2d at 631 (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052). "Moreover, no prejudice occurs, despite trial counsel's deficient performance, where there is otherwise overwhelming evidence of the defendant's guilt." *Id.* at 566, 689 S.E.2d at 631 (citing *Rosemond v. Catoe*, 383 S.C. 320, 325, 680 S.E.2d 5, 8 (2009)).

Upon appellate review, this court "will uphold the PCR court if any evidence of probative value supports the decision." *Id.* at 565, 689 S.E.2d at 631 (citing *Smith v. State*, 369 S.C. 135, 138, 631 S.E.2d 260, 261 (2006)).[1]

**LAW/ANALYSIS**

**Failure to Object to Instances of Hearsay**

Vail cited numerous instances in the record in which he claims trial counsel should have objected on the basis of inadmissible hearsay testimony or irrelevance. He argues the PCR court erred in finding the challenged testimony fell under Rule 801(d)(1), SCRE, was an exception to the rule against hearsay, or did not fit within the definition of hearsay. We agree.

▮▮▮ " 'The rule against hearsay prohibits the admission of evidence of an out-of-court statement to prove the truth of the matter asserted unless an exception to the rule applies.' " *Watson v. State*, 370 S.C. 68, 71, 634 S.E.2d 642, 644 (2006) (quoting *Dawkins*, 346 S.C. at 156, 551 S.E.2d at 262). However,

> [i]n a CSC case, the testimony of a witness regarding the Victim's out-of-court statement is *not* hearsay when: "The

---

1. Within this opinion, we reference two separate opinions both titled *Smith v. State*.

declarant testifies at the trial ... and is subject to cross-examination concerning the statement, and the statement is ... consistent with the declarant's testimony in a criminal sexual conduct case or attempted criminal sexual conduct case where the declarant is the alleged Victim and the statement is *limited to the time and place of the incident.*"

*Smith,* 386 S.C. at 566, 689 S.E.2d at 631–32 (quoting Rule 801(d)(1)(D), SCRE). "Any other details or particulars, including the perpetrator's identity, must be excluded." *Watson,* 370 S.C. at 71–72, 634 S.E.2d at 644 (citing *Dawkins,* 346 S.C. at 156, 551 S.E.2d at 262–63).

■ Additionally, Rule 801(d)(1)(B), SCRE, provides a prior statement by a witness is not hearsay

if ... [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive; provided, however, the statement must have been made before the alleged fabrication, or before the alleged improper influence or motive arose....

In other words, for a prior consistent statement to be admissible pursuant to Rule 801(d)(1)(B), the following elements must be present:

"(1) the declarant must testify and be subject to cross-examination, (2) the opposing party must have explicitly or implicitly accused the declarant of recently fabricating the statement or of acting under an improper influence or motive, (3) the statement must be consistent with the declarant's testimony, and (4) the statement must have been made prior to the alleged fabrication, or prior to the existence of the alleged improper influence or motive."

*State v. Winkler,* 388 S.C. 574, 583, 698 S.E.2d 596, 601 (2010) (quoting *State v. Saltz,* 346 S.C. 114, 121–22, 551 S.E.2d 240, 244 (2001)).

■ We find portions of challenged testimony far exceeded the limitations provided in Rule 801(d)(1)(B) & (D). For example, Victim's father, John R. (Father), gave the following statements during the State's direct examination:

A: Well, a lot of the admissions that came out, it didn't just all come out in one big package for us. You know, a lot of the details, especially, you know, the more intense sexual details, she had a hard time telling me face to face.

. . . .

A: I know that, at one time, it occurred in his apartment . . . and that there was at least one time in his car while it was in our neighborhood.

Q: Was she able to give you any details about when these things had happened?

A: I know—I will be honest, a lot of those—the hard details about the sexual intercourse and oral sex, I think they were probably as hard for her to tell me as they were for me to listen.

. . . .

Q: What did she say?

A: Well, there was kind of a real poignant moment where she said, daddy, he took everything, she [sic] took everything I have.

Q: Did she took everything or he took everything?

A: He did, he took everything.

Additionally, Sister testified Victim "admitted to us that she and Coach Vail had been having sex. . . . She had told me originally that they had sex. But they had been talking, and they had both eventually started saying, you know, we just went to the pier on Folly Beach." In related testimony, Caroline O. stated Victim

talked to [Sister] and [Sister] was informed that [Victim] and Mr. Vail had been having sex. . . . As soon as she informed Kelsey that they had been having sex, . . . [Victim] informed me that they had been having sex as well. . . . I believe the three-minute call was when [Victim] first informed Kelsey about the two of them having sex. . . .

These statements from Sister, Caroline O., and Father were not confined to time and place, nor did they meet all the requirements necessary to satisfy Rule 801(d)(1)(B).

■ Further, other testimonies were offered for no other purpose but to prove the truth of the matter asserted, or were far more prejudicial than probative. Specifically, Sister gave

testimony that only served to prove Victim's story of a sexual relationship between Vail and Victim. Moreover, Thomas Mullins, First Baptist's principal at the time of the incident, testified to "a rumor or a statement that there was some inappropriate behavior with [Vail] and another student," which was extremely prejudicial, with only minimal probative value.

■ The PCR court found testimonies provided by Caroline O. and Virginia Murray fell under the exception to the rule against hearsay established in Rule 803(3), SCRE, which provides,

> A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

Caroline O. testified Victim told her "[Vail] was mad at her for telling us and somehow he found out that she had told us they had sex." Murray testified Victim was very upset Vail had left First Baptist, and Victim stated "it was because of her and everybody would hate her because of it.... And then she went on to say that she had given her virginity to him and that's why she was really upset." We find neither of the statements by Caroline O. or Virginia Murray fit within the exception provided in Rule 803(3). *See State v. Tennant*, 394 S.C. 5, 16, 714 S.E.2d 297, 303 (2011) (" 'If the reservation in the text of [Rule 803(3) ] is to have any effect, it must be understood to narrowly limit those admissible statements to declarations of condition—'I'm scared'—and not belief—'I'm scared because someone threatened me.' " (quoting *State v. Garcia*, 334 S.C. 71, 76, 512 S.E.2d 507, 509 (1999))).

■ Accordingly, we hold trial counsel erred in failing to object to several portions of the challenged testimony. To determine whether trial counsel's failure to object to inadmissible hearsay fell below an objective standard of reasonableness, we next examine whether a legitimate trial strategy existed. *See Strickland v. Washington*, 466 U.S. 668, 689–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**Valid Trial Strategy**

"Counsel must articulate a **valid** reason for employing a certain strategy to avoid a finding of ineffectiveness." *Ingle v. State*, 348 S.C. 467, 470, 560 S.E.2d 401, 402 (2002) (citing *Roseboro v. State*, 317 S.C. 292, 294, 454 S.E.2d 312, 313 (1995), *Stokes v. State*, 308 S.C. 546, 548, 419 S.E.2d 778, 779 (1992)). "Where counsel articulates a strategy, it is measured under an objective standard of reasonableness." *Id.* (citing *Roseboro*, 317 S.C. at 294, 454 S.E.2d at 313).

"Counsel's performance is accorded a favorable presumption, and a reviewing court proceeds from the rebuttable presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Smith v. State*, 386 S.C. 562, 567, 689 S.E.2d 629, 632 (2010) (quoting *Strickland*, 466 U.S at 690, 104 S.Ct. 2052 (1984)). "Accordingly, when counsel articulates a valid reason for employing a certain strategy, such conduct will not be deemed ineffective assistance of counsel." *Id.* (citing *Caprood v. State*, 338 S.C. 103, 110, 525 S.E.2d 514, 517 (2000)).

"[Our supreme court] has held that the failure to object to improper hearsay testimony in a [CSC] case because the testimony is merely cumulative to the victim's testimony is not a reasonable strategy where the evidence is not overwhelming or the improper testimony bolsters the victim's testimony." *Watson v. State*, 370 S.C. 68, 72, 634 S.E.2d 642, 644 (2006) (citing *Dawkins v. State*, 346 S.C. 151, 156–57, 551 S.E.2d 260, 263 (2001)); *see Smith*, 386 S.C. at 568, 689 S.E.2d at 633 (finding the presumption of adequate representation based on a valid trial strategy disappears when trial counsel acknowledges there was no trial strategy in mind when failing to object to the improper hearsay and bolstering testimony). "[I]t is precisely this cumulative effect which enhances the devastating impact of improper corroboration.'" *Dawkins*, 346 S.C. at 157, 551 S.E.2d at 263 (quoting *Jolly v. State*, 314 S.C. 17, 21, 443 S.E.2d 566, 569 (1994)). In *Dawkins*, our supreme court found trial counsel's explanation that he did not want to confuse or upset the jury did not have merit because counsel "could have sought a determination as to the inadmissibility of the hearsay testimony out of the hearing of the jury as he had

previously done." *Id.* Further, the court found the strategy was inappropriate given the fact "there was not overwhelming evidence that [the defendant] sexually abused [the victim]." *Id.* at 157 n. 7, 551 S.E.2d at 263 n. 7. "For instance, while [the victim's] hymen was found to be ruptured upon medical examination, this examination did not occur until approximately three years after the alleged abuse had occurred." *Id.*

■ "However, where counsel articulates a valid reason for employing a certain strategy, such conduct will not be deemed ineffective assistance of counsel." *Watson,* 370 S.C. at 72, 634 S.E.2d at 644 (citing *Stokes v. State,* 308 S.C. 546, 548, 419 S.E.2d 778, 779 (1992)). Distinguishing *Watson* from its decision in *Dawkins,* our supreme court found trial counsel did not fail to object because of the cumulative effect of the corroborative testimony, "but instead decided that objections to the corroborative testimony might lead to the more damaging introduction of the victim's videotape." *Watson,* 370 S.C. at 73, 634 S.E.2d at 644. Thus, trial counsel articulated a valid reason for employing his strategy. *Id.*

In the present case, we note trial counsel's statement that some of the hearsay from witnesses was also introduced through Victim's testimony is not a valid reason for failing to object to it. *See id.* at 72, 634 S.E.2d at 644. Trial counsel admitted he could have requested a hearing outside the presence of the jury concerning the constant hearsay, but stated his strategies must have been slightly effective because the jury acquitted Vail on two of the charges.

■ Portions of the hearsay testimony exceeded the purpose of trial counsel's stated trial strategies. First, the failure to object to Mullins's testimony about inappropriate behavior with another student does not seem to have any place amidst his articulated trial strategies. We are unable to determine how Mullins's testimony was relevant, much less part of a legitimate trial strategy. Trial counsel admitted it could potentially be very damaging for the jury to hear there were rumors of Vail having inappropriate relations with another student and stated he did not know why he failed to object to that portion of Mullins's testimony. He commented that throughout the trial, he was trying to build Vail's credibility and be transparent.

Additionally, trial counsel's failure to object to Murray's and John R.'s testimonies does not fit within the purpose of his stated trial strategies. Their statements went into detailed accounts of the alleged relationship that were unnecessary to trial counsel's strategy of showing Victim was "obsessed" with Vail and further, were not necessary to build Vail's credibility. The only purpose these testimonies served was to corroborate and bolster Victim's story and to evoke an emotional response from the jury, which was improper. *See Dawkins,* 346 S.C. at 157, 551 S.E.2d at 263. Accordingly, we hold trial counsel's failure to object to inadmissible hearsay fell below the professional norms.

**Prejudice**

▮ The evidence in the record establishes trial counsel was deficient in failing to object to numerous admissions of improper hearsay, thereby satisfying the first prong of *Strickland.* We next consider whether Vail was prejudiced by trial counsel's deficient performance.

▮ "[I]mproper corroboration testimony that is merely cumulative to the victim's testimony cannot be harmless." *Id.* at 156, 551 S.E.2d at 263; *see Jolly v. State,* 314 S.C. 17, 21, 443 S.E.2d 566, 569 (1994) (finding the admittance of the social worker's hearsay testimony identifying the defendant as the perpetrator could not be harmless error because testimony was cumulative to social worker's unobjected testimony and victim's testimony). " '[I]t is precisely this cumulative effect which enhances the devastating impact of improper corroboration.' " *Dawkins,* 346 S.C. at 157, 551 S.E.2d at 263 (quoting *Jolly,* 314 S.C. at 21, 443 S.E.2d at 569).

As trial counsel admitted, Victim's credibility was "extremely crucial" to the outcome of this case regarding the alleged sexual relationship between her and Vail, and there was otherwise an absence of overwhelming evidence of Vail's guilt. Victim's hymen was fully intact with either no evidence of trauma or the trauma had healed despite the alleged six to nine incidents of sexual intercourse. There was no eyewitness to any sexual or inappropriate activity. The State's case was built upon Victim's story against Vail's story. *See Smith v. State,* 386 S.C. 562, 568–69, 689 S.E.2d 629, 633 (2010) (finding that because the outcome of the case hinged on victim's

credibility regarding identification of the perpetrator and there was a lack of otherwise overwhelming evidence of defendant's guilt, the forensic interviewer's hearsay testimony impermissibly corroborated the victim's identification of defendant as the assailant); *compare Huggler v. State*, 360 S.C. 627, 634–35, 602 S.E.2d 753, 757 (2004) (finding that because the victims' testimonies on direct provided overwhelming evidence that sexual abuse did in fact occur, counsel's failure to object to admission of their written statements did not prejudice the outcome of the case and evidence of abuse was overwhelming even without the content in the written statements). Amongst the numerous instances of inadmissible hearsay noted in this opinion, we find the testimony from Father particularly prejudicial, including his statement: "Well, there was kind of a real poignant moment where she said, daddy, he took everything, she [sic] took everything I have." Moreover, Mullins's statement regarding an instance of inappropriate behavior with another student was highly prejudicial in light of what Vail is charged with in this case.

In light of the circumstantial evidence presented to the jury in addition to the heavy emphasis on Victim's credibility, we cannot find the admission of the inadmissible hearsay was harmless beyond a reasonable doubt. Accordingly, we hold the trial counsel's failure to object to instances of inadmissible hearsay was prejudicial to Vail.

## CONCLUSION

In conclusion, we hold the PCR court erred in determining some of the alleged hearsay statements either fell under an exception to the rule against hearsay or did not meet the definition of hearsay. Trial counsel articulated a legitimate trial strategy for some of his failures to object to inadmissible hearsay, but the remainder did not fit within his stated objective. Lastly, the failure to object to hearsay statements that did not fit within a legitimate trial strategy was highly prejudicial and cumulative and affected the outcome of the trial. Accordingly, we reverse the denial of PCR and find Vail is entitled to a new trial.

**REVERSED.**

SHORT and KONDUROS, JJ., concurring.