**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Roderick Bradley, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2009-145087

---

Appeal From Allendale County
Alexander S. Macaulay, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-013
Heard November 12, 2013 – Filed January 8, 2014

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Petitioner.

Attorney General Alan Wilson and Assistant Attorney
General Ashleigh Rayanna Wilson, both of Columbia, for
Respondent.

---

**PER CURIAM:**  Following his conviction for criminal sexual conduct with a
minor in the second degree and subsequent direct appeal, Roderick Bradley filed a
petition for post-conviction relief (PCR) alleging ineffective assistance of counsel.
After a PCR hearing, the PCR court found that Bradley's allegation was

procedurally barred by South Carolina Code subsection 17-27-20(b) (2003). Bradley petitions for a writ of certiorari from the denial of his application for PCR. We affirm.

1.      We find the PCR court erred in finding Bradley's PCR allegation of ineffective assistance of counsel was procedurally barred by subsection 17-27-20(b), which provides that errors that could have been reviewed on appeal may not be asserted for the first time or reasserted in PCR proceedings.  Bradley properly alleged ineffective assistance of counsel for the first time in his PCR application. *See State v. Carpenter*, 277 S.C. 309, 309-10, 286 S.E.2d 384, 384 (1982) ("Appellant's sole ground for appeal is ineffective assistance of counsel at trial.  This Court usually will not consider that issue on appeal from a conviction.  We follow that principle particularly when, as here, the issue was not argued to the trial judge. . . . [A]ppellant must assert his claim under the Post-Conviction Procedure Act." (internal citations omitted)).

2.      We find Bradley's PCR allegation of ineffective assistance of counsel fails on the merits.  At the PCR hearing, Bradley chose to rely on the record and presented no evidence of prejudice.  *See Dawkins v. State*, 346 S.C. 151, 155-56, 551 S.E.2d 260, 262 (2001) ("For petitioner to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective assistance."); *id.* at 156, 551 S.E.2d at 262 ("To show prejudice, the applicant must show, but for counsel's errors, there is a reasonable probability the result of the trial would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." (internal citations omitted)); *State v. Grovenstein*, 335 S.C. 347, 351, 517 S.E.2d 216, 218 (1999) ("We have consistently required defendants to demonstrate prejudice due to improper jury influences.").

**AFFIRMED.**

**FEW, C.J., WILLIAMS and THOMAS, JJ., concur.**