**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Drew John Monahan, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2011-202769

Appeal From Greenville County
Edward W. Miller, Post-Conviction Relief Judge
C. Victor Pyle, Jr., Trial Judge

Unpublished Opinion No. 2016-UP-032
Submitted November 1, 2015 – Filed January 20, 2016

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Karen Christine Ratigan, both of Columbia, for Respondent.

**PER CURIAM:** Drew John Monahan appeals the denial of post-conviction relief (PCR) from his convictions for murder and second-degree arson, arguing the PCR

court erred in finding trial counsel was not ineffective for allowing Monahan to appear at trial dressed in a prison jumpsuit and shackles. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *McKnight v. State*, 378 S.C. 33, 40, 661 S.E.2d 354, 357 (2008) ("In reviewing the PCR court's decision, [the appellate court] is concerned only with whether any evidence of probative value exists to support the decision."); *Strickland v. Washington*, 466 U.S. 668, 692 (1984) (stating to establish a claim of ineffective assistance of counsel, a PCR applicant must prove counsel's performance was deficient, and the deficient performance prejudiced the applicant's case); *id.* at 694 (stating to show prejudice, the applicant must show that but for counsel's errors, there is a reasonable probability the result of the trial would have been different); *Watson v. State*, 370 S.C. 68, 72, 634 S.E.2d 642, 644 (2006) ("[W]here counsel articulates a valid reason for employing a certain strategy, such conduct will not be deemed ineffective assistance of counsel."); *Humbert v. State*, 345 S.C. 332, 337 n.4, 548 S.E.2d 862, 865 n.4 (2001) ("The defendant's appearance at trial dressed in jail clothing is not automatically reversible error. There may be situations where, as a matter of trial strategy, counsel decides jail attire benefits the defense."); *Strickland*, 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."); *id.* at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

**AFFIRMED.**[1]

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.