**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Darrell L. Goss, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2011-204386

———————————

**ON WRIT OF CERTIORARI**

———————————

Appeal From Charleston County
J.C. Nicholson, Jr., Trial Judge
Deadra L. Jefferson, Post-Conviction Relief Judge

———————————

Unpublished Opinion No. 2016-UP-382
Heard March 7, 2016 – Filed July 27, 2016

———————————

**AFFIRMED**

———————————

Appellate Defender David Alexander, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Assistant Attorney General James Rutledge Johnson, and Assistant

Attorney General Ashleigh Rayanna Wilson, all of Columbia, for Respondent.

---

**PER CURIAM:** Darrell L. Goss appeals his denial of post-conviction relief (PCR), arguing the PCR court erred in finding trial counsel was not ineffective for failing to properly investigate the case and discover and present an alibi defense. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *McKnight v. State*, 378 S.C. 33, 40, 661 S.E.2d 354, 357 (2008) ("In reviewing the PCR court's decision, this Court is concerned only with whether any evidence of probative value exists to support the decision."); *Miller v. State*, 379 S.C. 108, 115, 665 S.E.2d 596, 599 (2008) ("We will uphold the findings of the PCR court when there is any evidence of probative value to support them."); *Davie v. State*, 381 S.C. 601, 607, 675 S.E.2d 416, 419 (2009) ("In a PCR proceeding, the applicant bears the burden of establishing that he or she is entitled to relief."); *Ard v. Catoe*, 372 S.C. 318, 331, 642 S.E.2d 590, 596 (2007) ("There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case."); *Vail v. State*, 402 S.C. 77, 89, 738 S.E.2d 503, 509 (Ct. App. 2013) (providing "where counsel articulates a valid reason for employing a certain strategy, such conduct will not be deemed ineffective assistance of counsel" (quoting *Watson v. State*, 370 S.C. 68, 72, 634 S.E.2d 642, 644 (2006))); *Ard*, 372 S.C. at 331, 642 S.E.2d at 597 ("Without a doubt, '[a] criminal defense attorney has a duty to investigate, but this duty is limited to reasonable investigation.'" (alteration by *Ard*) (quoting *Thompson v. Wainwright*, 787 F.2d 1447, 1450 (11th Cir. 1986))); *Edwards v. State*, 392 S.C. 449, 456, 710 S.E.2d 60, 64 (2011) ("The United States Supreme Court has cautioned that 'every effort be made to eliminate the distorting effects of hindsight' and evaluate counsel's decisions at the time they were made." (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984))).

**AFFIRMED.**

**SHORT, THOMAS, and GEATHERS, JJ., concur.**