**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Tommy S. Adams, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2011-200566

Appeal From Edgefield County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2016-UP-515
Submitted September 1, 2016 – Filed December 14, 2016

**AFFIRMED**

Teresa L. Norris, of Blume Norris & Franklin-Best, LLC, of Charleston, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Patrick Lowell Schmeckpeper, of Columbia, for Respondent.

**PER CURIAM:** Tommy S. Adams was convicted of lewd act on a child under sixteen and first-degree criminal sexual conduct with a minor. He appealed from the denial and dismissal of his application for post-conviction relief (PCR), arguing

his trial counsel was ineffective in (1) not objecting to the admission of his statement to police because it was irrelevant to the crimes charged; (2) not calling Adams' two sons to testify as to the circumstances surrounding his statement; (3) eliciting testimony from the investigator that she believed the victim was telling the truth and not moving for a mistrial in response to the testimony; (4) advising Adams not to testify after informing the jury he would testify and not properly advising Adams as to whether he should testify; and (5) not objecting following improper communication between jurors and the bailiffs.  We reversed the denial of PCR and remanded the case for a new trial, finding Adams' statement to the police was inadmissible character evidence and trial counsel was ineffective for failing to object to it.[1]  Our supreme court reversed and remanded the case to this court, finding Adams' statement to the police was relevant as circumstantial evidence of Adams' control over and sexual use of the victim.[2]  The supreme court ordered this court to address the remaining issues.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether trial counsel was ineffective for not calling Adams' two sons to testify as to the circumstances surrounding his statement:  *Brown v. State*, 375 S.C. 464, 481, 652 S.E.2d 765, 774 (Ct. App. 2007) ("[W]here counsel articulates a valid reason for employing a certain strategy, such conduct will not be deemed ineffective assistance of counsel." (alteration in original) (quoting *Watson v. State*, 370 S.C. 68, 72, 634 S.E.2d 642, 644 (2006))).

2.      As to whether trial counsel was ineffective for eliciting testimony from the investigator that she believed the victim was telling the truth and not moving for a mistrial in response to the testimony:  *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (providing that to establish a claim of ineffective assistance of counsel, a PCR applicant must prove trial counsel's performance was deficient and the deficient performance prejudiced the applicant's case); *State v. Herring*, 387 S.C. 201, 216, 692 S.E.2d 490, 498 (2009) ("Generally, a curative instruction to disregard the testimony is deemed to have cured any alleged error."); *Padgett v. State*, 324 S.C. 22, 27, 484 S.E.2d 101, 103 (1997) (finding an issue is not preserved for appellate review when the PCR court does not rule on the issue).

---

[1]  *See Adams v. State*, Op. No. 2015-UP-174 (S.C. Ct. App. filed Apr. 1, 2015).
[2]  *See Adams v. State*, Op. No. 2016-MO-015 (S.C. Sup. Ct. filed Apr. 20, 2016).

3.     As to whether trial counsel was ineffective for advising Adams not to testify after informing the jury he would testify and not properly advising Adams as to whether he should testify:  *Solomon v. State*, 313 S.C. 526, 529, 443 S.E.2d 540, 542 (1994) ("We give great deference to a judge's findings when matters of credibility are involved since we lack the opportunity to directly observe the witnesses."), *overruled on other grounds by State v. Cheeks*, 401 S.C. 322, 737 S.E.2d 480 (2013); *Johnson v. State*, 325 S.C. 182, 188, 480 S.E.2d 733, 735-36 (1997) (finding the trial court's instruction to the jury that it could not consider a defendant's failure to testify cured any potential error from the State's comment on the defendant's failure to testify).

4.     As to whether trial counsel was ineffective for not objecting following improper communication between jurors and the bailiffs:  *State v. Cameron*, 311 S.C. 204, 207-08, 428 S.E.2d 10, 12 (Ct. App. 1993) ("The mere fact, however, that some conversation occurred between a juror and a court official would not necessarily prejudice a defendant."); *Brown*, 375 S.C. at 481, 652 S.E.2d at 774 ("[W]here counsel articulates a valid reason for employing a certain strategy, such conduct will not be deemed ineffective assistance of counsel." (alteration in original) (quoting *Watson*, 370 S.C. at 72, 634 S.E.2d at 644)).

**AFFIRMED.[3]**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[3]  We decide this case without oral argument pursuant to Rule 215, SCACR.