**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Andre Green, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-000002

———————

Appeal From Beaufort County
Diane Schafer Goodstein, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-250
Submitted May 1, 2023 – Filed June 21, 2023

———————

**REVERSED AND REMANDED**

———————

Deputy Chief Appellate Defender Wanda H. Carter, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Senior
Assistant Deputy Attorney General William M. Blitch,
Jr. and Senior Assistant Deputy Attorney General Megan
Harrigan Jameson, all of Columbia, for Respondent.

———————

**PER CURIAM:**  Andre Green appeals the post-conviction relief (PCR) court's
order denying his application for PCR.  On appeal, Green argues the PCR court
erred in denying relief for trial counsel's failure to object to portions of a recorded

interview in which a law enforcement officer claimed Green's non-testifying co-conspirator identified him as a participant in the kidnapping and carjacking for which Green was charged and convicted. We reverse and remand for a new trial.

During Green's trial, the State played portions of his recorded interview with Detective Sergeant Andre Massey for the jury. Throughout the recording, Detective Massey repeatedly claimed Green's alleged co-conspirator, Brandon Parker, identified Green as a participant in the charged crimes. However, Green maintained his innocence throughout the interview. The State also presented portions of Victim's recorded interview with Detective Massey, in which Victim identified Green as one of the two men who kidnapped him and claimed Green later admitted his participation in the crime. However, Victim testified he misidentified Green during his interview. During the PCR hearing, trial counsel testified he should have objected to the portions of the interview in which Detective Massey referred to Parker's statements. The PCR court found trial counsel was deficient in failing to object to Detective Massey's statements regarding Parker, but found Green failed to prove he was prejudiced by counsel's actions because the statements in question were cumulative to Victim's identification of Green.

We conclude the PCR court erred in failing to find trial counsel ineffective for failing to object to the portions of the interview in which Detective Massey referenced Parker's statements to law enforcement. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (stating a PCR applicant arguing ineffective assistance of counsel must show: (1) counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *State v. Brewer*, 411 S.C. 401, 407-08, 768 S.E.2d 656, 659 (2015) (finding a trial court committed reversible error in admitting an audiotaped recording of a defendant's interrogation, explaining it contained inadmissible hearsay and that "[l]aw enforcement's *ad nauseam* insistence that [the defendant] prove his innocence has *no* place before the jury" (emphasis in original)); *Vail v. State*, 402 S.C. 77, 84, 738 S.E.2d 503, 507 (2013) ("The rule against hearsay prohibits the admission of an out-of-court statement to prove the truth of the matter asserted unless an exception to the rule applies." (quoting *Watson v. State*, 370 S.C. 68, 71, 634 S.E.2d 642, 644 (2006))); *Briggs v. State*, 421 S.C. 316, 323, 806 S.E.2d 713, 717 (2017) ("[I]mproper bolstering testimony is inadmissible."); *State v. Jennings*, 394 S.C. 473, 479-80, 716 S.E.2d 91, 94 (2011) (holding the trial court's error in allowing the State to introduce a forensic interviewer's written

report containing inadmissible hearsay that bolstered the victim's testimony was not harmless).

We further find that even if Detective Massey's recorded statements were "cumulative" to Victim's pre-trial identification of Green, said statements were still prejudicial to Green. *See Brewer*, 411 S.C. at 409-10, 768 S.E.2d at 660 (finding a defendant was prejudiced by the admission of a recorded interrogation in which investigators repeatedly referenced and quoted eyewitnesses to a crime because there was a lack of direct evidence conclusively identifying the defendant as the person who fired the "fatal shot" at the victim); *Jennings,* 394 S.C. at 480, 716 S.E.2d at 95 (holding when credibility is the ultimate issue in a case, improper corroboration evidence that is merely cumulative to other testimony is not harmless).

**REVERSED and REMANDED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.